FILED
IN CLERK'S OFFICE
U.S. ~~~~~~~ COURT E.D.N.Y.

★ APR - 1 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MARTIN PORRETTI,

                       Petitioner,

-against-

YANIRA BAEZ,

                       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. CV 19 - 1955

PETITION FOR RETURN OF
CHILDREN TO PETITIONER
AND ISSUANCE OF SHOW
CAUSE ORDER

DEARIE, J.

TISCIONE, M.J.

## I. PREAMBLE

1.      This Petitioner, Martin Porretti, brings this Petition pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980[1] (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA").[2] The Hague Convention became effective in the United States on July 1, 1988. For the convenience of the Court, copies of the Hague Convention and ICARA are attached as Exhibits 1 and 2, respectively.

2.      Mexico became a party to the Hague Convention on October 1, 1991. *See* https://travel.state.gov/content/travel/en/International-Parental-Child-Abduction/abductions/hague-abduction-country-list.html (last visited February 27, 2019).

3.      The objects of the Convention are as follows: (1) to secure the immediate return of Children wrongfully removed or wrongfully retained in any Contracting State; and (2) to

---

[1] T.I.A.S. No. 11,670, at 1,22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10493 (1986).
[2] 42 U.S.C. § 11601 (2005).

ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.[3]

## II. JURISDICTION

4.      This Court has jurisdiction pursuant to 42 U.S.C. § 11603 (1995) and because this case involves the removal and retention of at least one child under the age of sixteen from their habitual residence of Mexico City, Mexico to the United States of America.[4]

## III. STATUS OF PETITIONER AND CHILD

5.      The Petitioner, Martin Alberto Poretti (Father), and the Respondent Yanira Ivette Baez Minervino (Mother) are the parents of R███ M███ P███ B███ and C███ I███ P███ B███ (the "Children").

6.      R███ M███ P███ B███ is 14 years old, and C███ I███ P███ B███ is now 9 years old. A copy of the Children's birth certificates are attached as *Exhibit A*[5]. The Convention applies to cases where children under the age of sixteen (16) years has been removed

---

[3]The Hague Convention authorizes a federal district court to determine the merits of the abduction claim but does not allow it to consider the merits of any underlying custody dispute. *See, e.g., Friedrich v. Friedrich*, 983 F.2d 1396, 1399 (6th Cir. 1993). Federal courts have noted that "the cornerstone of the Convention is the mandated return of the child to his or her circumstances prior to the abduction if one parent's removal of the child from or retention in a Contracting State has violated the custody rights of the other, and is, therefore, 'wrongful.'" *Feder v. Evand-Feder*, 63 F.3d 217, 221 (3d Cir. 1995); see also *Diorinou v. Mezitis*, 132 F. Supp. 2d 139, 143 (S.D.N.Y. 2000).
The exceptions to the Hague Convention's mandate requiring the return of children to their residence country, *see, e.g.* 42 U.S.C. § 1 1603(b), are to be "narrowly drawn, test their application undermines the express purposes of the Convention." *Feder*, 63 F.3d at 226.
[4] Toren v. Toren, 191 F. 3d 23 (1999).
[5] Given the urgency of this Hague Convention Petition, no authentication of any documents or information included with the Petition is required. 42 U.S.C. § 1 1605 (1995).

from her habitual residence[6] in breach of rights of custody of Petitioner, which the Petitioner had been exercising at the time of the wrongful removal[7] or wrongful retention[8] of the children.

7.      At the time of Respondent's wrongful removal and retention of the children (as specifically set forth in Part IV below), Petitioner was actually exercising custody and visitation rights within the meaning of Articles Three and Five of the Convention,[9] in that he is the father of the children and has exercised custody rights over his children since they were born. Furthermore, the Children were habitually residing in Mexico within the meaning of Article 3 of

---

[6] "Courts in both the United States and foreign jurisdictions have defined habitual residence as the place where [the child] has been physically present for an amount of time sufficient for acclimatization and which has a degree of settled purpose for the child's perspective." *Pesin v. Rodriguez*, 77 F. Supp. 2d 1277, 1284 (SD. F1. 1999) (citations omitted), aff'd, *Pesin v. Rodriguez*, 244 F.3d 1250 (11th Cir. 2000); *Morris* at 1161 ("the law requires [the Court] to focus on the child in determining habitual residence"); *see also In_re Robinson*, 938 F. Supp. 133 9, 1341-42 (D. Colo. 1997). It is a state of being or state of mind. Habitual residence is the permanent physical residence of the children as distinguished from their legal residence or domicile. *In Re Bates*, No. CA 122-89, High Court of Justice, Family Div., England, February 23, 1989; *Brook v. Willis*, 907 F. Supp. S7, 61 (S.D.N.Y. 1995); *Loos*, 651 A.2d at 1080 (stating that it is immaterial that the concept of habitual residence lacks precision; see also *T.B. v. J.B.*, 2000 WL 1881251, at *1 (Supreme Court of Judicature, England, December 19, 2000) (stating that it is important to remember that the Convention is concerned with the return of children to the country of their habitual residence and not with their return to any particular person).
High Court of Justice, Fam. United Kingdom, February 23, 1989; *Brooke v. Willis*, 907 F. Supp. 57, 61 (S.D.N.Y. 1995)

[7] "Article 3 of the Hague Convention provides that the removal or retention of a child is wrongful where it violates the custody rights of another person that were actually being exercised at the time of theremoval or retention or would have been exercised but for the removal or retention." m at ; "[t]he removal of a child from the country of his or her habitual residence is 'wrongful' under the Hague Convention ifa person in that country is, or would otherwise be, exercising custody rights to the child under that country's law at the moment of removal." Friedrich v. Friedrich, 78 F.3d 1060, 1064 (6th Cir. 1996); E Prevot v. Prevot, 59 F.3d 556 (6th Cir. 1995); Convention, art. 3.

[8] "Wrongful retention" occurs when it is in breach of rights of custody attributed to a person under the law of the country in which the child was habitually resident immediately before the retention; and at the time of retention these rights were actually exercised, or would have been so exercised, but for the wrongful retention. Convention, art. 3; *Feder*, 63 F.3d at 225; *Wanninger v. Wanninger*, 850 F. Supp. 78, 80-81 (D. Mass. 1994).

[9] The issue of "custody" must be addressed under Mexican law. *Pesin*, 77 F. Supp. 2d at 1284; see also *Whallon v. Lynn*, 230 F.3d 450 (1St Cir. 2000); *Friedrich v. Friedrich*, 983 F.2d at 1402; *In Re Robinson*, 983 F.Supp. 1339, 1342 (1997); *Ohlander v. Larson*, 114 F .3d 1531, 1541 (10th Cir. 1997) (stating that the Convention was meant, in part, to lend priority to the custody determination hailing fi-om the child's state of habitual residence. Pursuant to Article 14 of the Convention, this Court "may take notice directly of the law of ... the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law ..." See also Fed. R. Civ. P. 44.1.

the Convention since their birth until their wrongful removal from Mexico on December 16, 2016.[10]

8.    Petitioner has requested the return of his children to Mexico pursuant to his Request for Return, a copy of which is attached hereto as *Exhibit B*. The Request for Return has been filed with the United States Department of State and the National Center for Missing and Exploited Children, the Central Authority of the United States of America under the Convention.

9.    R███ M███ P███ B██ born on ██████, 2005, in Mexico and is therefore eleven (11) years of age on December 16, 2016.  C███ I██ P███ B██ born on ██████, 2010 in Mexico and is therefore six (6) years of age on December 16, 2016.  At the time immediately before the wrongful removal and wrongful retention of the Children, the Children habitually resided in Mexico within the meaning of Article 3 of the Convention. At the time of Petitioner's application to the Central Authority of the United States of America, Petitioner was located in the Contracting State of the Mexico.

## IV. WRONGFUL REMOVAL AND RETENTION OF CHILDREN BY RESPONDENT

10.    Petitioner has rights of custody under Mexican law pursuant to Articles 4.202 of the Civil Code of the State of Mexico."    Article 4.202 states that "Parental authority/responsibility is exerted over non-emancipated minor children." Article 4.203 states in pertinent part that "Parental authority/responsibility includes ... his or her care and custody ..." Here, the Children are not emancipated minors. Thus, under Mexican law, parental authority includes the custody of the child.

---

[10] Article 12 of the Convention mandates a return of the children where a period of less than one year has elapsed. Art. 12. However, the Convention also provides that this Court must order the return of wrongfully removed or retained children even if more than one year has elapsed, unless it is established that the Children are settled in their new environment. Art. 12; see also *Cabrera v. Lomno*, 323 F. Supp.2d 1303, 1312 (SD. Fla. 2004).

11.    Furthermore, The Court of Mexico City Ordered that "the change of residence of the minor children of the parties [Martin Alberto Porretti and Yarina Ivette Baez Minervino] is not authorized and the parties are required to assist each other to safeguard the emotional interests of their children…" in allowing the father visitation such that the children may "coexist with their father…".  See page 45 of Mexico City Custody and Visitation Order annexed hereto as Exhibit "C".

12.    In light of the aforementioned Articles and the Convention, the children are Currently being illegally held in custody, confinement and/or restraint by Respondent. Unless this Court takes immediate action to bring Respondent and the Children before the Court, irreparable harm will occur to the wellbeing of the children in that the Children are being denied all proper access to their father, their home, school, friends and culture, and in being wrongfully detained in Brooklyn New York. Unless a Show Cause Order is issued forthwith, Petitioner will continue to have no meaningful contact whatsoever with his daughters.

13.    Petitioner has never acquiesced or consented to the removal of the Child from Mexico or the Child's retention outside of Mexico.

### v. PROVISIONAL REMEDIES[11]

14.    Petitioner requests that the Court issue a show cause order and direct that the order be served immediately on Respondent and that she be brought before this Court with the Children forthwith. *Proposed Show Cause Order attached as Exhibit "D".* Section 5(b) (Provisional Remedies) of ICARA provides, *inter alia,* that, in a proceeding under Section 4(b) for the return of children, "No court exercising jurisdiction…may…order a child removed from a

---

[11] This Court "[i]n furtherance of the objectives of…the Convention…may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition" 42 U.S.C. 1 1604 (1995).

person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. § 11604. In this case, the State law referred to in Section 5(b) is that of New York. In this case, the State law referred to is the Domestic Relations Law of New York. In New York, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") is the source for statutory law governing, *inter alia*, the resolution of both domestic and international child custody disputes. C.G.S.A. § 460-115 (West 2002). New York law addresses the appearance of the parties and the child in such cases in C.G.S.A. § 46b-115t of the UCCJEA. That section authorizes this Court to order the appearance of the child and the custodian together. *Id.* This Court therefore has the authority to order the immediate appearance of Respondent and the Children.

15.    Petitioner requests, for the wellbeing of the Children, that he be given immediate access to the Children, pending further hearing in this Court.

16.    Pending further hearing in this Court, it is requested that this Court issue an immediate order prohibiting the removal of the Children from the jurisdiction of this Court, taking into safekeeping all of the Children's travel documents, and setting an expedited hearing on the Petition for Return of Children to Petitioner.[12]

<u>VI. RELIEF REQUESTED</u>

17. WHEREFORE, Petitioner respectfully requests the following relief:

    a.    an Order directing a prompt return of the Children to their habitual residence of Mexico;

---

[12] Such a Petition may also be treated as an application for a Writ of Habeas Corpus itself. *Zajaczkowski v. Zaiaczkowska*, 932 F. Supp. 128, 132 (D.Md. 1996) ("[T]he Court will treat the [Convention] petition as an application for a writ of habeas corpus . . . pursuant to 28 U.S.C.A. § 2243").; *see also In re McCullough*, 4 F.Supp. 2d 411 (1998).

b. the issuance of an immediate Order prohibiting the removal of the Children from the jurisdiction of this Court;

c. an Order commanding Respondent to appear in this Court with the Children to show cause why the Children have been kept from their father;

d. an Order directing Respondent to pay Petitioner's legal costs and fees; and

e. any such further relief as justice and its cause may require.

## VII. NOTICE OF HEARING

18.    Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice pursuant to the New York Court Rules[13]

## VIII. ATTORNEYS' FEES AND COSTS INCLUDING TRANSPORTATION EXPENSES PURSUANT TO CONVENTION ARTICLE 26 AND U.S.C. 11607

19.    Petitioner has incurred substantial expenses as a result of the wrongful removal and retention of the Children by Respondent. Petitioner will submit a copy of all expenditures as soon as practicable and possible and Petitioner will amend these costs, from time to time, according to proof and in light of further expenditures required because of this wrongful removal and retention

20.    Petitioner respectfully requests that this Court award all legal costs and fees incurred to date as required by 42 U.S.C. 1 I607, reserving jurisdiction over further expenses.

---

[13] The Convention itself does not specify any specific notice requirements. ICARA provides that notice be given in accordance with the applicable law governing notice in interstate child custody proceedings. 42 U.S.C. § 11603(c). In the United States, the Parental Kidnapping Prevention Act ("PKPA") and the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") govern notice in interstate child custody proceedings. *Klam v. Klam*, 797 F. Supp. 202, 205 (E.D.N.Y. 1992). The UCCJEA and Part (6) of the PKPA provide that reasonable notice and opportunity to be heard must be given to all parties before a custody determination is made.

## IX. DECLARATION PURSUANT TO UNIFORM CHILD CUSTODY JURISDICTION ACT

21. The details regarding the Children that are required to be provided under the UCCJA are as follows:

   a. The present address of the Children is believed to be 125 Shepherd Ave Brooklyn, NY 11208-1226.

   b. Other than the above-described address, and the Children's residence in Mexico, Petitioner is not aware of any other address at which the Children lived during the last five years.

   c. Other than the Petitioner and Respondent, Petitioner is not aware of any other persons with whom the Children have lived during the last five years.

   d. Petitioner has not participated, as a party or witness or in any other capacity, in any other proceeding concerning the custody or visitation with the Children, except for the proceeding in Mexico described above.

   e. Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the Children or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with, the Children.

## X. CONCLUSION

22. For the foregoing reasons, Petitioner requests that this Court issue an Order to Show

Cause why the Children should not be ordered returned to their residence country.


Dated:      New York, New York
            March 7, 2019


                                        Steven B. Ross, Esq.
                                        Ross & Asmar LLC
                                        499 Seventh Avenue
                                        23rd Floor South Tower
                                        New York, NY 10018
                                        Tel. (212) 736-4202

CIVIL REGISTRY

BIRTH CERTIFICATE

MEXICO CITY GOVERNMENT

N943679

| ENTITY | DELEGATION | COURT | MINUTES | YEAR | CLASS | REGISTRY DATE |
|--------|-----------|-------|---------|------|-------|---------------|
| 09 | 05 | 21 | 001441 | 2010 | NA | 07/06/2010 |

FIRST NAME: C████ █ P████ B██

BIRTHDATE: █████, 2010
PLACE OF BIRTH: AV. CARLOS GRAEF FERNANDEZ 154, TLAXALA SANTA FE,
CUAJIMALPA DE MORELOS MEXICO CITY
IT WAS PRESENTED: LIVE
FEMALE GENDER
TIME: 23:06
FATHER AND MOTHER APPEAR

FATHER'S NAME: MARTIN ALBERTO PORRETTI NICOLAS
AGE: 39 YEARS
NATIONALITY: ARGENTINA
OCCUPATION: DIRECTOR
HOME: PROL. BOSQUE REFORMA 1477 BOSQUES DE LAS LOMAS – CUAJIMALPA DE
MORELOS, MEXICO CITY - MEXICO

MOTHER'S NAME: YANIRA IVETTE BAEZ MINERVINO
AGE: 39 YEARS
NATIONALITY: US
OCCUPATION: HOME
HOME: PROL. BOSQUE REFORMA 1477 BOSQUES DE LAS LOMAS – CUAJIMALPA DE
MORELOS, MEXICO CITY - MEXICO

PATERNAL GRANDFATHER:
NATIONALITY:
PATERNAL GRANDMOTHER:
NATIONALITY:
HOME:

MATERNAL GRANDFATHER:
NATIONALITY:
MATERNAL GRANDMOTHER:
NATIONALITY:
HOME:

REGISTRO CIVIL

Ciudad
México
*Capital en Movimiento*

GOBIERNO
DEL
DISTRITO FEDERAL

N   943679

## ACTA DE NACIMIENTO

| ENTIDAD | DELEGACIÓN | JUZGADO | ACTA | AÑO | CLASE | FECHA DE REGISTRO |
|---------|-----------|---------|------|-----|-------|-------------------|
| 9 | 5 | 21 | 1441 | 2010 | NA | 07-06-2010 |

**REGISTRADO**

| Nombre | ▓▓▓▓▓▓ | Género FEMENINO |
| Fue Presentado(a) VIVO | | Hora 22:06 |
| Fecha de Nacimiento | 2010 | Compareció PADRE Y MADRE |
| Lugar de Nacimiento | AV. CARLOS GRAEF FERNANDEZ 154, TLAXALA SANTA FE, CUAJIMALPA DE MORELOS | |
| | DISTRITO FEDERAL | |

**PADRES**

Nombre del Padre  MARTIN ALBERTO PONZETTI                Edad  39 AÑOS

Nacionalidad  ARGENTINA         Ocupación  DIRECTOR

Domicilio  PROL. BOSQUES DE REFORMA 1677, BOSQUES DE LAS LOMAS, CUAJIMALPA DE MORELOS
DISTRITO FEDERAL

Nombre de la Madre  YANIRA IVETTE BAIZ             Edad  39 AÑOS

Nacionalidad  ESTADOUNIDENSE        Ocupación  HOGAR

Domicilio  PROL. BOSQUES DE REFORMA 1677, BOSQUES DE LAS LOMAS, CUAJIMALPA DE MORELOS
DISTRITO FEDERAL

**ABUELOS**

| Abuelo Paterno | | Nacionalidad |
| Abuela Paterna | | Nacionalidad |
| Domicilio | | |
| Abuelo Materno | | Nacionalidad |
| Abuela Materna | | Nacionalidad |
| Domicilio | | |

**ANOTACIONES:**

Ciudad *de*
México
*Capital en Movimiento*

Huella Digital del Registrado

Se dio por terminado el acto y firma la presente, para constancia, los que en ella intervinieron y saben hacerlo y los nuevos imprimen su huella digital. Se cierra el acta que antecede. Doy fé. EL JUEZ 21                    DEL REGISTRO CIVIL

NOMBRE DEL JUEZ                                         FIRMA DEL JUEZ

LIC. SUSANA SALCEDO AMBRIZ

ESTA ACTA SE RELACIONA CON LOS FOLIOS DE ANOTACIONES QUE SE SEÑALAN, SIN LOS CUALES ESTA INCOMPLETA:

No:                    Fecha:                    Firma:
No:                    Fecha:                    Firma:

EN NOMBRE DE LOS ESTADOS UNIDOS MEXICANOS Y COMO JUEZ DEL REGISTRO CIVIL EN EL DISTRITO FEDERAL, Y CON FUNDAMENTO EN LO DISPUESTO POR EL ARTICULO 48 DEL CODIGO CIVIL VIGENTE PARA EL DISTRITO FEDERAL, CERTIFICO QUE LA PRESENTE ES COPIA FIEL DE SU ORIGINAL, QUE EXPIDO EN MEXICO, DISTRITO FEDERAL, A LOS NUEVE DIAS DE DOS MIL DIEZ.

CONFRONTADA

GOBIERNO DEL
DISTRITO FEDERAL

Ciudad
México

LA C. JUEZ DEL REGISTRO CIVIL

LIC. SUSANA SALCEDO AMBRIZ

REGISTRO CIVIL
JUZGADO 21°

20614612

CIVIL REGISTRY

M592072

BIRTH CERTIFICATE

MEXICO CITY GOVERNMENT

| ENTITY | DELEGATION | COURT | MINUTES | YEAR | CLASS | REGISTRY DATE |
|--------|-----------|-------|---------|------|-------|---------------|
| 09 | 05 | 44 | 000450 | 2005 | NA | 10/03/2005 |

FIRST NAME: R███ M███ P███ B███

BIRTHDATE: ████████ 2005
PLACE OF BIRTH: LAS AMERICAS, ALVARO OBREGON MEXICO CITY
IT WAS PRESENTED: LIVE
FEMALE GENDER
TIME: 8:21
FATHER AND MOTHER APPEAR

FATHER'S NAME: MARTIN ALBERTO PORRETTI NICOLAS
AGE: 34 YEARS
NATIONALITY: ARGENTINA
OCCUPATION: DIRECTOR
HOME: PROL. BOSQUE REFORMA 1477 – 201 BOSQUES DE LAS LOMAS – CUAJIMALPA DE
MORELOS, MEXICO CITY - MEXICO

MOTHER'S NAME: YANIRA IVETTE BAEZ MINERVINO
AGE: 34 YEARS
NATIONALITY: US
OCCUPATION: HOME
HOME: PROL. BOSQUE REFORMA 1477 – 201 BOSQUES DE LAS LOMAS – CUAJIMALPA DE
MORELOS, MEXICO CITY - MEXICO

PATERNAL GRANDFATHER: ALBERTO PEDRO PORRETTI
NATIONALITY: ARGENTINA
PATERNAL GRANDMOTHER: MARGARITA ELOINA NICOLAS LOPEZ
NATIONALITY: ARGENTINA
HOME: ALBERTI 1015 – BUENOS AIRES ARGENTINA

MATERNAL GRANDFATHER: ERNESTO JUAN BAEZ LOPEZ
NATIONALITY: US
MATERNAL GRANDMOTHER: DELFINA ANTONIA MINERVINO PERALTA
NATIONALITY: US
HOME: 125 SHEPHERD AVE. BROOKLYN, NY 11208, USA

## REGISTRO CIVIL

③

M **Ciudad México**
*Capital en Movimiento*

GOBIERNO
DEL
DISTRITO FEDERAL

ACTA DE NACIMIENTO

| ENTIDAD | DELEGACION | JUZGADO | ACTA | AÑO | CLASE | FECHA DE REGISTRO |
|---------|-----------|---------|------|-----|-------|-------------------|
| 09 | 05 | 44 | 000450 | 2005 | NA | 10/03/2005 |

NOMBRE: ▓▓▓▓▓▓▓
FECHA DE NACIMIENTO: ▓▓▓▓▓ 2005
LUGAR DE NACIMIENTO: LAS AMERICAS
                     ALVARO OBREGON DISTRITO FEDERAL
COMPARECIO PADRE Y MADRE          GENERO: FEMENINO          HORA: 08:21
SE PRESENTO EL VIVO:
NON PADRE: MARTIN ALBERTO PORRETTI NICOLAS
OCUPACION: DIRECTOR FINANCIERO
NACIONALIDAD: ARGENTINA                              EDAD: 34 AÑOS
DOMICILIO: PROL. BOSQUE REFORMA 1477-201            CUAJIMALPA DE MORELOS
           BOSQUES DE LAS LOMAS                      DISTRITO FEDERAL
NON MADRE: YANIRA IVETTE BAEZ MINERVINO
OCUPACION: HOGAR
NACIONALIDAD: ESTADOUNIDENSE
DOMICILIO: PROL. BOSQUES REFORMA 1477-201           EDAD: 31 AÑOS
           BOSQUES DE LAS LOMAS                      CUAJIMALPA DE MORELOS
                                                     DISTRITO FEDERAL
PATERNO: ALBERTO PEDRO PORRETTI
NACIONALIDAD: ARGENTINA
ABUELA:
MATERNA: MARGARITA ELOINA NICOLAS LOPEZ
NACIONALIDAD: ARGENTINA
ABUELO: ALBERTO BAEZ
NACIO: BUENOS AIRES, ARGENTINA
PATERNO: ERNESTO JUAN BAEZ LOPEZ
NACIONALIDAD: ESTADOUNIDENSE
ABUELA:
MATERNA: DELFINA ANTONIA MINERVINO PERALTA
NACIONALIDAD: ESTADOUNIDENSE
DOMICILIO: 123 SHEPHERD AVE.
           BROOKLYN, N. Y. 11208, EE. UU.

LEVANTA DE ACUERDO CON EL ARTICULO 58 DE LA LEY GENERAL DE POBLACION.

*M. Porretti*                              *Yanira Baez Minervino*

Huella Digital
del Registrado

Se dió terminado el acto y firma la presente para constancia,
los que en ella intervinieron y también hacerlo y los que no, imprimen
huella digital. Se cierta el acta que autoriza Doy fe.
DEL CUADRAGESIMO DEL REGISTRO CIVIL LIC. ERNESTO E. TAPIA HERNANDEZ
CUARTO.

GOBIERNO DE LA          CERTIFICADA FIEL DE SU ORIGINAL QUE EXPIDO EN CUAJIMALPA DE
DISTRITO FEDERAL        MORELOS, DISTRITO FEDERAL EL DIA 18 DE ABRIL DEL AÑO 2008.
                        LA C. JUEZ 44 DEL REGISTRO CIVIL

**Ciudad México**       LIC. ADA LUCIA ALMAZAN DE LA TORRE
*Capital en Movimiento*

REGISTRO CIVIL
JUZGADO 44°                                      12182906



 

Secretaría de Relaciones Exteriores
Dirección General de Protección a Mexicanos en el Exterior
Derecho de Familia
Restitución Internacional de Menores

Para llenado exclusivo de la Delegación de la SRE:

CENTRAL
Delegación

EEUA
País requerido

[Marque sólo una opción]

Derechos de Visita
Access Rights            ☐

Restitución Internacional
International Return      ☒

Número de menores
Number of children       2

| P ███ | B ███ | R ███ M ███ | 12 years |
|---|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |
| P ███ | B ███ C ███ | I ███ | 7 years |
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |
| | | | |
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |
| | | | |
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |
| | | | |
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |





**SECRETARIA DE RELACIONES EXTERIORES**
SOLICITUD DE ASISTENCIA CON BASE EN LA
CONVENCION DE LA HAYA SOBRE LOS
ASPECTOS CIVILES DE LA SUSTRACCION
INTERNACIONAL DE MENORES

Página | 2

**SRE**

SECRETARÍA DE
RELACIONES EXTERIORES

El llenado de la presente solicitud es exclusivo del solicitante, favor de llenar los espacios con letra de molde o computadora. / Only the applicant should fill out this form. Please type or handwrite the requested information.

| Número de menores / Number of minors | 2 | Derechos de Visita / Access Rights | ☐ | Restitución Internacional / International Return | ☒ |
|---|---|---|---|---|---|

## I. DATOS DEL MENOR/INFORMATION ABOUT THE CHILD

### NOMBRE DEL MENOR/NAME OF THE CHILD

| P███ | B███ | R███ M███ |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| ███ /05 | CIUDAD DE MEXICO | MEXICAN |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| ███ / 27 | FEM | 12 YEARS |
|---|---|---|
| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |

| DD / MM / YYYY | CIUDAD DE MEXICO |
|---|---|
| Número de pasaporte / Passport number    Y    and | Fecha de Caducidad / Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION |

### INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

| 1.34m | 35 kg | BROWN | BROWN |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

| |
|---|
| Señas particulares/Distinctive marks |

### POSIBLE UBICACIÓN/CURRENT OR POSSIBLE LOCATION

| SHEPHERD AVE | 125 | |
|---|---|---|
| Calle/Street | Núm/Num   Int/Appt | Colonia |

| BROOKLYN, NY | | |
|---|---|---|
| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |

| NEW YORK | USA | 11208 |
|---|---|---|
| Estado o Provincia/State or Province | País/Country | C.P. /ZIP Code |

**II. INFORMACION DE LA PERSONA O INSTITUCIÓN QUE SOLICITA LA RESTITUCION O EL EJERCICIO EFECTIVO DE DERECHOS DE VISTA/
II. INFORMATION CONCERNING THE PERSON OR INSTITUTION REQUESTING RETURN OR ENJOYMENT OF THE RIGHT OF ACCESS**

RELACIÓN CON EL MENOR/ RELATIONSHIP WITH THE CHILD /REN

Página | 3

Padre/ Father [X]    Madre/ Mother [ ]    Ambos/ Both [ ]    Institución/ Institution [ ]    Otro: / Other: _____

¿Ejercía el solicitante la patria potestad y/o custodia del menor?
Was the applicant exercising parental and/or custodial rights?        Sí/Yes [X]    No/No [ ]

| PORRETTI | | MARTIN ALBERTO |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal Last name | Nombre(s)/First and Middle name |

| Father | / 70 | BUENOS AIRES | ARGENTINE |
|---|---|---|---|
| Fecha de nacimiento/Date of birth | | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| | MASC | 46 YEARS |
|---|---|---|
| Otra nacionalidad/Other nationality | Sexo/Gender | Edad / Age |

DIRECCIÓN/ADDRESS

| ALICA | 4 | 2 | LOMAS DE CHAPULTEPEC |
|---|---|---|---|
| Calle/Street | Núm/Núm | Int/Appt | Colonia |

| MEXICO | CDMX | MIGUEL HIDALGO |
|---|---|---|
| Ciudad/City | Municipio/Municipality | Comunidad o poblado/County or town |

| CDMX | MEXICO | 11000 |
|---|---|---|
| Estado o provincia/State or Province | País/Country | C.P. /ZIP Code |

DATOS DE CONTACTO/ CONTACT INFORMATION

| (52) 15571958895 | ( ) | ( ) |
|---|---|---|
| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

| MPORRETTI@HOTMAIL.COM | |
|---|---|
| Correo electrónico/E-mail | Otros/Other |

INSTITUCIÓN/INSTITUTION (llenar sólo si el solicitante es una institución/fill only if the applicant is an institution)

| | |
|---|---|
| Nombre de la Institución/Institution's Name | Representante /Representative |

**III. INFORMACION DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO O RETUVO AL MENOR O IMPIDE LOS DERECHOS DE VISITA/INFORMATION CONCERNING THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED OR RETAINED THE CHILD, OR PREVENTING ACCESS**

RELACION CON EL MENOR/ RELATIONSHIP WITH CHILD/REN  Página | 4

| Padre Father ☐ | Madre Mother ☒ | Ambos Both ☐ | Otro: Other: _____ |

BAEZ (MINERVINO) YANIRA IVETTE

| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

☐ Mother   1970 PuertoRico   ESTADOUNIDENSES

| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

FEMALE   46 YEARS.

| Otra nacionalidad/Other Nationality | Sexo/Gender | Edad / Age |

DD / MM / YYYY   MexicoCity

| Alias Also known as | Número de pasaporte Y Passport number and | Fecha de Caducidad Expiration date | Residencia habitual Habitual residence |

INFORMACION FISICA/PHYSICAL INFORMATION

| 1.59 | 65 Kg. | Black | Black. |
| Estatura/Height | Peso/Weight | Color de cabello/Hair color | Color de ojos/Eye color |

| Señas particulares/Distinctive marks |

POSIBLE UBICACION/ PROBABLE LOCATION

SHEPHERD AVE 125

| Calle/Street | Núm/num  Int/Appt | Colonia |

NEW YORK.   BROOKLYN

| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |

NEW YORK.   USA   11208

| Estado o provincia/State or Province | País/Country | C.P./ZIP Code |

( )   212 576 - 3425. ( )

| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

YANIRA_BAEZ@YAHOO.com

| Correo electrónico/E-mail | Otros/Other |

**IV. NARRACIÓN DE LOS HECHOS Y CIRCUNSTANCIAS EN QUE OCURRIÓ LA SUSTRACCIÓN O RETENCIÓN ILÍCITA DEL (LOS) MENOR(ES)/ O BIEN LAS ACCIONES QUE IMPIDEN EL EJERCICIO EFECTIVO DEL DERECHO DE VISITA**

**IV. STATEMENT OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE WRONGFUL REMOVAL OR ILLICIT RETENTION/ OR THE ACTIONS PREVENTING ACCESS**

Página | 5

indicar fecha, hora y lugar  en que ocurrió la sustracción, incluyendo información sobre la fecha y temporalidad de cualquier permiso de viaje que se hubiera otorgado; o bien indicar la fecha en la que se dejó de ejercer el derecho de visita, si requiere más espacio incluya las hojas que considere necesarias. / Please provide a statement of the date, time, place and circumstances of the wrongful removal or retention, including the issuance and expiration date of any permission to travel ; or the date in which access stopped. If you need more space, please attach additional sheets.

ANEX WITH FACTS AND PROCEEDINGS

BEFORE AND AFTER THE ABDUCTION.

ANEX 5

## ABDUCTION OF MY DAUGTHERS PORRETTI BAEZ
## SUMMARY OF FACTS – Mexico City, May 9, 2017

**YANIRA IVETTE BAEZ MINERVINO abducted my two daughters** R▮▮▮ M▮▮▮ and C▮▮▮▮ ▮▮▮ P▮▮▮ B▮▮ **from their home on December, 16 2016, to take them to the United States of America illegally.**

The above happened, even though my daughters were JUDICIALLY DOMICILED FOR THEIR OWN SAFETY in my apartment located in Prolongacion Bosques de Reforma 1477, Torre Uno Dep. 201, Colonia Bosques de las Lomas – Delegacion Miguel Hidalgo – Mexico City from April 2, 2013 by the 42nd FAMILIAR JUDGE in file 175/2013.

**I don't know why YANIRA BAEZ took my daughters to the United States of America. This was a SORPRESIVE AND UNEXPECTED ACT as she began and follows up the above trial against the undersigned. The last representation of YANIRA BAEZ representatives happened on March 28, 2017 and the normal procedures of the trial continue on May, 2017. There is NO WITHDRAWAL FROM YANIRA BAEZ regarding any part of the present trial. The sentence regarding the CUSTODY OF MY DAUGHTERS should be pronounced** in a short period of time.

However, the security guards of the condominium where my daughters lived with their mother informed me that the last time they saw my daughters with YANIRA IVETTE BAEZ in my property was on DECEMBER 16, 2016. That was the day that my daughters finished school and started their Christmas holidays. I haven't seen them since then.

It was so, that at 2:00 PM of JANUARY 9, 2017 --- the day when the Christmas Holidays ended in Mexico City --- as I was on a business trip, I received a call to my cell phone from the cashier at the Instituto Rosedal Vista Hermosa, which is the school that my daughters attend based in Colonia Vista Hermosa, Delegacion Cuajimalpa – Mexico City, who informed me that "Mrs. YANIRA BAEZ told her that my daughters were not going to return to their school from that date as they were already attending a school in the United States".



I talked to my lawyers to inform them about the situation. They informed me that there were several tests required to be made to prove THE ABDUCTION OF MY DAUGHTERS and to start restitution procedures.

It is important to note that since the beginning of our marriage problems, the mother NEVER WANTED TO NEGOTIATE WITH ME THE DIVORCE NEITHER OUR DAUGHTERS' CUSTODY. She was simply infatuated with the idea that she would do whatever it takes to have them with her in New York City even though since we were married, we established our marriage address in Mexico, and when our daughters were borned, our marriage address was already Mexico City, because here I have the main seat of my business.

Another reason why my ex wife asked for a divorce was her folly that we went to live in New York, just because she decided so. Besides she said that what I earned was not enough for what she deserved. Obviously, I did not accept her proposal because I do not have either a work permit or an interest in living in that city, and so the divorce was granted. The divorce process has lasted more than four years and continues. For me to live in New York City is impossible since my income, as I said, come from my work in Mexico City, where from the time I arrived I decided to establish myself and because I learned to love this country as my second country.

For all these reasons, presumably my daughters are in that city or in its suburbs. I HAVE TO HIGHLIGHT that Yanira Ivette Baez does not have her own resources, because although she studied a university career in the United States, she left there more than fifteen years ago and only worked in Mexico City for a small period of time during 2007. In trial 175/2013, Yanira Baez said that her mother, DELFINA BAEZ MINERVINO, and her sister IVETTE YANIRA BAEZ, who should be their possible accomplices to abduct my daughters and possibly have them living in the house where they live in Brooklyn, NY.

However, even if for the ABDUCTION OF MY DAUGHTERS, YANIRA BAEZ was helped by their relatives, these are people with very limited resources and in the trial it was also credited with various tests, that YANIRA IVETTE BAEZ has a lover, concubine or perhaps husband whose name is JOSEPH ANTHONY MESSING, of American nationality



who must be her SPONSOR. This guy is a lawyer and works or worked at NEW YORK LIFE based at Manhattan, NY.

Yanira Baez has been defended in the trial by attorneys ALFONSO SEPULVEDA GARCIA, HABIB DIAZ NORIEGA and CLAUDIA LOPEZ who work in a high-priced law firm. With the REAL income of the referred woman SHE WILL NOT HAVE BEEN ABLE TO PAY THEM, and for that reason, the most certain thing is that this guy is the one who has given the money to the mother of my daughters for the follow-up of the trial and to support the abduction of my daughters so I also consider him as an accomplice of my ex wife.

The mother of my daughters is originally from Puerto Rico. Her mother is a migrant from the Dominican Republic and moved to Brooklyn, NY 50 years ago at the address above, where Yanira Baez lived until the age of 17. In the divorce trial, she told the family judges that she would take my daughters to live in that house with her retired mother DELFINA BAEZ MINERVINO and her sister IVETTE YANIRA BAEZ who, by the way, is an exotic dancer as it was accredited in the divorce trial.

Yanira Baez said that her relatives are more of a simple condition and very little income. Although it is quite possible that they would send money to her, it would never be enough to pay for a buffet of expensive lawyers in a litigation of more than four years and nor is it possible that her relatives could afford MY DAUGHTERS ABDUCTION.

**Therefore, and by logic, it is presumed that JOSEPH ANTHONY MESSING paid all the expenses of the civil and criminal trials and the ABDUCTION of my daughters.**

For a better understanding of the circumstances under which the abduction was planned and executed by YANIRA BAEZ, the following is a BRIEF SUMMARY OF THE FAMILY LITIGATION OF MORE THAN FOUR YEARS IN MEXICO CITY.



In 2012, our marriage was over and Yanira Báez threated me to take our daughters, by any means, to live with her in the USA. I, Martin Porretti, filed a custody dispute before the 37th Family Court, file 2343/2012, in which the judge immediately ordered the children to be rooted in Mexico

City, so he requested this to the Mexican Migration Direction, where it was immediately registered.

Subsequently, Yanira Baez filed a divorce case before the 42 Family Court of Mexico City against Martin Porrretti; File 175/2013. Also, the judge 42 Family rooted our daughters in Mexico City immediately, so she sent a second order to the Migration Direction to make a second registration. Yanira Baez claimed the custody of our daughters for her by virtue of which Martin Porretti had committed domestic violence.

On April 2, 2013, Judge 42 pronounced a decision declaring the divorce, decreed provisional custody of my daughters in favor of Yanira Baez and rooted the mother and my daughters in the condominium of my property, having authorized my coexistence with them for an hour on Saturdays and another hour on Sundays, in the Supervised House of Coexistence of the Superior Court of Justice of Mexico City and ordered me to pay a monthly pension of 30% of my income for my two daughters and their mother. Subsequently, Yanira Baez promoted in the same trial a definitive custody and change of address to the city of New York, New York US incident.

Because of the unjust cohabitation decreed for me and my daughters, I filed a complaint before the Human Rights Commission of Mexico City. The Commission sent a representative to interview the judge. In addition, in May 2014, there was a talk between the judge and my daughters. My daughter R█████ asked the Judge that she and her sister could live with me outside the House of Supervised Coexistence. This, in such a way to be able to go to the movies, to eat and to live with me at my home because she said that she and her sister loved me very much.

IT IS ELEMENTAL to point out that YANIRA BAEZ accusation against me of domestic violence to the detriment of her and her daughters IS ABSOLUTELY FALSE AND HAS NEVER BE POSSIBLE TO PROBATE THEM IN THE TRIALS.

At the request of my daughter R█████ and the intervention of the Human Rights Commission, on August, 2014 Judge 42 decreed that my coexistence with my daughters would be ALL weekends, and that they

should be collected on Thursdays or Fridays when they left school and have them returned to their mother on Sundays at six thirty in the afternoon in one of the Supervised Houses of Coexistence. For approximately six months I lived with my daughters in that way with the help of their nanny Mrs. Hortensia Ortega Ruiz.

Yanira Baez asked for the permanent custody of her daughters by unjustly accusing me of having committed violence against her and her daughters. This is ABSOLUTELY FALSE. The TRUTH is that the mother has never agreed with her daughters living with their father not one day, not even an hour.

Moreover, because of the many legal protections ("amparos") that were filed by the mother during the FOUR YEARS that the trials lasted, I couldn't LIVE WITH MY DAUGHTERS AT HOME IN ANY OF THE OFFICIAL VACATIONS, OR SCHOOL HOLIDAYS since the Judge 42 extended the coexistences at weekend. YANIRA BAEZ appealed and complained against these coexistences with my daughters achieving to anull these coexistences for about six months and then I started to live with my daughters at home again during the weekends.

However, with another judicial suspension, the coexistences were restricted to the initial schedule of one hour on Saturday and another hour on Sunday each week.

At the end, it was a Collegiate Federal Court in Civil Matters of Mexico City which ordered all of us that I will live with my daughters on Saturdays and Sundays from 11:00 AM to 5:00 PM, having the chance to take them home during that time. This would start from JANUARY 7, 2017, but this was no longer possible because my daughters had already been ABDUCTED by the mother out of Mexico.

The two trials were accumulated before the 42 Family Court and the sentence is the only thing pending which will determine the custody of my daughters. This will happen soon. My ex wife LEAVED MEXICO WITH MY DAUGHTERS, but left her own attorneys here to monitor the pending procedures. The last action of her lawyers in the trial was on March 28, 2017.

13

It is important to note that I, Martin Porretti, has punctually paid the pension of my daughters and ex wife, as resolved by the Family Court 42 in the sentence of April 2, 2013, which is approximately $ Mex 53,000 monthly. The pension is integrated: with the use of the department of my property, where they were DOMICILED BY 42nd FAMILY COURT, maintenance, water, gas, electricity, school expenses, medical insurance, school supplies, clothing, etc. The department would currently produce a monthly income of $ Mex 25,000 monthly.

In addition, YANIRA BAEZ filed against Mr. MARTIN PORRETTI, 3 criminal complaints, with the aim of putting him in jail and thus take away his daughters from him; but her criminal allegations are based only on lies.

However, Yanira Baez after more than four and a half years of judicial proceedings, has been unable to demonstrate ANY TYPE OF VIOLENCE of which she accused Martin Porretti, although she has invented various facts, accusations and proceedings.

Two complaints were dismissed for lack of evidence and only the Preliminary Investigation: FNNA / 59 / T3 / 02006 / 15-07 for Family Violence is only pending. It is almost impossible that this will thrive because the evidence is really weak and insufficient to prove nothing.

MARTIN ALBERTO PORRETTI

MAY 9, 2017

14

## V. DATOS DE LOS PADRES/ PARENT INFORMATION

¿Están o estaban casados? / Are you or were you married?

Sí / Yes [☒]    No/No [ ]

Página | 6

En caso afirmativo, por favor llene lo siguiente: / If so, please complete the following:

BROOKLYN, NY    bb / 09 /2002
Lugar del matrimonio/Place of marriage:    Fecha /Date

CIUDAD DE MEXICO    02 / 04 MM / 2013
Lugar del divorcio/Place of divorce    Fecha /Date

¿Hay alguna resolución o convenio judicial relativo a los menores?/
Is there any judicial decree related to the child(ren)?
(En caso afirmativo la misma deberá anexarse)/
(If so, please attach it)

Sí /Yes [ ]    No/No [ ]

¿Habitaban juntos antes de la sustracción?
Were the parents living together before the abduction?

Sí /Yes [ ]    No/No [ ]

## VI. PROCEDIMIENTOS O INSTANCIAS EN TRÁMITE/ONGOING PROCEEDINGS

Por favor especifique si existen procedimientos judiciales relacionados con el/ los menor(es) en curso. Si requiere más espacio incluya las hojas que considere necesarias. / Please state if there are ongoing judicial proceedings concerning the child/ren. If you need more space, please attach additional sheets.

ANEX 5 WITH JUDICIAL PROCEEDINGS CONCERNING THE CHILDREN

## DATOS DE CONTACTO DEL ABOGADO / ATTORNEY'S CONTACT INFORMATION

| ( 52 ) 5543459706 | ( 52 ) 5552510983 | (    ) |
|---|---|---|
| Teléfono directo/ Direct line | Teléfono de oficina/Office number | Celular/Mobile |

| ELVIA NORA | CALDERON |
|---|---|

ELVIA @CALDERON @ HOTMAIL.COM

| Correo electrónico/E-mail | Otros/Other |
|---|---|

**VII. (LLENAR ESTA PARTE SÓLO SI SE SOLICITA LA RESTITUCIÓN O DERECHOS DE VISITA DE MÁS DE UN MENOR/ COMPLETE THIS PART ONLY IF YOU ARE REQUESTING THE RETURN OR ACCESS OF MORE THAN ONE CHILD)**

Página | 7

**NOMBRE DEL MENOR /NAME OF THE CHILD**

| P███████ | B██████ | C██████ t |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and Middle name |

| ████████ / 2010 | CIUDAD DE MEXICO | MEXICAN |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| 04 / 03 / 2026 | FEM | 7 YEARS |
|---|---|---|
| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |

| | DD / MM / YYYY | CIUDAD DE MEXICO |
|---|---|---|
| Número de pasaporte/ Passport number | Y and   Fecha de Caducidad/ Expiration date | Residencia habitual ANTES DE LA SUSTRACCIÓN/ Habitual residence BEFORE THE ABDUCTION |

**INFORMACIÓN FÍSICA/PHYSICAL INFORMATION**

| 1.43 m | 22 kg | BROWN | BROWN |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

Señas particulares/Distinctive marks

**NOMBRE DEL MENOR /NAME OF THE CHILD**

| | | |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| DD / MM / YYYY | | |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| DD / MM / YYYY | | |
|---|---|---|
| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |

| | DD / MM / YYYY | País /Country |
|---|---|---|
| Número de pasaporte/ Passport number | Y and   Fecha de Caducidad/ Expiration date | Residencia habitual ANTES DE LA SUSTRACCION/ Habitual residence BEFORE THE ABDUCTION |

**INFORMACIÓN FÍSICA/PHYSICAL INFORMATION**

| | | | |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

*En caso de requerir más espacio para otro menor, favor de fotocopiar la presente hoja / If you need more space, please photocopy this page.*

Señas particulares/Distinctive marks

**VIII. PROPUESTA DE RETORNO O CONVIVENCIAS CON EL MENOR/PROPOSAL FOR RETURN OR ACCESS**

Proporcionar información sobre la manera en que se propone que viaje el menor y las personas que lo acompañarían a su lugar de residencia habitual en caso de ordenarse su retorno; o bien, la propuesta de convivencias y/o contacto por medios electrónicos en caso de haber solicitado derechos de visita. Si requiere más espacio, favor de anexar las hojas necesarias.

Página | 8

Please provide information about proposed travel arrangements for the child if return is ordered, including the name of the person traveling with the child. If you request access please provide visitation and/or contact proposal.

RETURN TO MEXICO CITY BY PLANE

WITH FATHER FOR MY TWO

DAUGHTERS.

## IX. COMENTARIOS Y OBSERVACIONES/ADDITIONAL REMARKS

Favor de especificar si cuenta con documentación migratoria para ingresar al país en el que se encuentra el menor/es, si está disponible y cuenta con los recursos para viajar y si habla el idioma del país de que se trate. Please specify if you have documents required to enter the country where the child/ren is/are located, if you are available and have the resources to travel and whether you speak the language of that country.

Página | 9

FATHER HAS PROPER DOCUMENTATION
TO GO TO THE USA. ALSO HAS
ENOUGH FINANCIAL RESOURCES TO TRANSLATE
HIS DAUGHTERS BACK TO MEXICO CITY.

## DOCUMENTOS QUE SE ANEXAN/DOCUMENTS ATTACHED

☒ FOTOGRAFIA DEL MENOR/ES PHOTOGRAPH OF THE CHILD(REN)

☒ FOTOGRAFIA DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO AL (LOS) MENOR(ES)PHOTOGRAPH OF THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED THE CHILD(REN)

☒ COPIA CERTIFICADA DEL ACTA DE NACIMIENTO DEL(OS) MENOR(ES)/CERTIFIED COPY OF THE BIRTH CERTIFICATE OF THE CHILD(REN)

☐ COPIA CERTIFICADA DEL ACTA DE MATRIMONIO/CERTIFIED COPY OF THE MARRIAGE CERTIFICATE

☒ SENTENCIA QUE DECRETA EL DIVORCIO/DIVORCE DECREE

☒ ACUERDO O CONVENIO JUDICIAL RELATIVO A LA CUSTODIA Y/O AL EJERCICIO DEL DERECHO DE VISTA/JUDICIAL AGREEMENT CONCERNING CUSTODY OR ACCESS.

☐ OTROS (OTHER):

- MIGRATORY ALERT FOR MY DAUGHTERS
ROOTING IN MEXICO CITY BY 37 FAMILIAR
JUDGE

| MEXICO CITY | 09/05/17 |
|---|---|
| Lugar y firma/Place and Signature | Fecha/Date |



Secretaría de Relaciones Exteriores
Dirección General de Protección a Mexicanos en el Exterior
Derecho de Familia
Restitución Internacional de Menores

**SRE**
SECRETARÍA DE
RELACIONES EXTERIORES

Para llenado exclusivo de la Delegación de la SRE:

*CENTRAL*
Delegación

*EEUA*
País requerido

[Marque sólo una opción]

Derechos de Visita
Access Rights ☐

Restitución Internacional
International Return ☒

Número de menores
Number of children ☐ *2*

| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name | Edad/Age |
|---|---|---|---|
| P███ | B███ | R███ M███ | 12 años |
| P███ | B███ | C███ T███ | 7 años |
| | | | |
| | | | |
| | | | |



**SECRETARIA DE RELACIONES EXTERIORES**
SOLICITUD DE ASISTENCIA CON BASE EN LA
CONVENCIÓN DE LA HAYA SOBRE LOS
ASPECTOS CIVILES DE LA SUSTRACCIÓN
INTERNACIONAL DE MENORES

Página | 2

**SRE**
SECRETARIA DE
RELACIONES EXTERIORES

El llenado de la presente solicitud es exclusivo del solicitante; favor de llenar los espacios con letra de molde o a computadora. / Only the applicant should fill out this form. Please type or handwrite the requested information.

| Número de menores / Number of minors | 2 | Derechos de Visita / Access Rights | ☐ | Restitución Internacional / International Return | ☒ |

**I. DATOS DEL MENOR/INFORMATION ABOUT THE CHILD**

**NOMBRE DEL MENOR/NAME OF THE CHILD**

| P▮▮▮▮ | B▮▮▮ | R▮▮▮▮ M▮▮ |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| ▮▮▮▮▮ 105 | CIUDAD D MÉXICO | MEXICANA |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| ▮▮▮▮ 12021 | FEM | 12 AÑOS |
|---|---|---|
| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |

| DD /    MM /  YY CIUDAD DE MEXICO |
|---|
| Número de pasaporte    Y    Fecha de Caducidad    Residencia habitual ANTES DE LA SUSTRACCIÓN/ |
| Passport number    and    Expiration date    Habitual residence BEFORE THE ABDUCTION |

**INFORMACIÓN FÍSICA/PHYSICAL INFORMATION**

| 1.34 m | 35 Kgs | Castaño | café |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

| NINGUNA |
|---|
| Señas particulares/Distinctive marks |

**POSIBLE UBICACIÓN/CURRENT OR POSSIBLE LOCATION**

| AVE. SHEPHERD | 125 | | |
|---|---|---|---|
| Calle/Street | Núm/Num  Int/Appt | | Colonia |

| NY | BROOKLYN | |
|---|---|---|
| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |

| NEW YORK | USA | 11208 |
|---|---|---|
| Estado o Provincia/State or Province | País/Country | C.P. /ZIP Code |

/0

**II. INFORMACION DE LA PERSONA O INSTITUCIÓN QUE SOLICITA LA RESTITUCION O EL EJERCICIO EFECTIVO DE DERECHOS DE VISTA/**
**II. INFORMATION CONCERNING THE PERSON OR INSTITUTION REQUESTING RETURN OR ENJOYMENT OF THE RIGHT OF ACCESS**

RELACIÓN CON EL MENOR/ RELATIONSHIP WITH THE CHILD/REN

Página | 3

Padre/ Father [X]   Madre/ Mother [ ]   Ambos/ Both [ ]   Institución/ Institution [ ]   Otro: / Other: _____

¿Ejercía el solicitante la patria potestad y/o custodia del menor?
Was the applicant exercising parental and/or custodial rights?   Sí/Yes [X]   No/No [ ]

| PORRETTI | | MARTIN ALBERTO |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal Last name | Nombre(s)/First and Middle name |

| Father | 70 | Buenos Aires | Argentina |
|---|---|---|---|
| Fecha de nacimiento/Date of birth | | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| | MAS | 46 AÑOS |
|---|---|---|
| Otra nacionalidad/Other nationality | Sexo/Gender | Edad / Age |

DIRECCIÓN/ADDRESS

| ALICA | 149 2° piso | Lomas DECHAPULTEPEC |
|---|---|---|
| Calle/Street | Núm/Num. Int/Appt | Colonia |

| MÉXICO | CDMX | MIGUEL HIDALGO |
|---|---|---|
| Ciudad/City | Municipio/Municipality | Comunidad o poblado/County or town |

| CDMX | MEXICO | 11,000 |
|---|---|---|
| Estado o provincia/State or Province | País/Country | C.P./ZIP Code |

DATOS DE CONTACTO/ CONTACT INFORMATION

| (52) 5591958815 | ( ) | ( ) |
|---|---|---|
| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

| mporretti@hotmail.com | |
|---|---|
| Correo electrónico/E-mail | Otros/Other |

INSTITUCIÓN/INSTITUTION (llenar sólo si el solicitante es una institución)/(fill only if the applicant is an institution).

| | |
|---|---|
| Nombre de la institución/Institution's Name | Representante /Representative |

**III. INFORMACION DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO O RETUVO AL MENOR O IMPIDE LOS DERECHOS DE VISITA/INFORMATION CONCERNING THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED OR RETAINED THE CHILD, OR PREVENTING ACCESS**

RELACIÓN CON EL MENOR/ RELATIONSHIP WITH CHILD/REN                    Página | 4.

Padre / Father ☐    Madre / Mother ☒    Ambos / Both ☐    Otro: / Other: _____

| Báez | Yanira Ivette |
|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| Mother | 1970 | Puerto Rico | Estadounidense |
|---|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| | femenino | 46 años |
|---|---|---|
| Otra nacionalidad/Other Nationality | Sexo/Gender | Edad / Age |

| | | DD / MM / YYYY | |
|---|---|---|---|
| Alias / Also known as | Número de pasaporte Y / Passport number and | Fecha de Caducidad / Expiration date | Residencia habitual / Habitual residence |

INFORMACIÓN FÍSICA/PHYSICAL INFORMATION

| 1.59 | 65 Kg | negro | negro |
|---|---|---|---|
| Estatura/Height | Peso/Weight | Color de cabello/Hair color | Color de ojos/Eye color |

| |
|---|
| Señas particulares/Distinctive marks |

POSIBLE UBICACIÓN/ PROBABLE LOCATION

| Ave. SHEPHERD | 125 | | |
|---|---|---|---|
| Calle/Street | Núm/num | Int/Appt | Colonia |

| BROOKLYN | | |
|---|---|---|
| Ciudad/City | Municipio/County | Comunidad o poblado/Community or town |

| NEW YORK | E.E.U.U. | 11208 |
|---|---|---|
| Estado o provincia/State or Province | País/Country | C.P. /ZIP Code |

| ( ) | ( ) | ( ) |
|---|---|---|
| Teléfono de casa/Home number | Teléfono de oficina/Office number | Celular/Mobile |

| yanira_baez@yahoo.com | |
|---|---|
| Correo electrónico/E-mail | Otros/Other |

P 2

**IV. NARRACIÓN DE LOS HECHOS Y CIRCUNSTANCIAS EN QUE OCURRIÓ LA SUSTRACCIÓN O RETENCIÓN ILÍCITA DEL (LOS) MENOR(ES)/ O BIEN LAS ACCIONES QUE IMPIDEN EL EJERCICIO EFECTIVO DEL DERECHO DE VISITA**

**IV. STATEMENT OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE WRONGFUL REMOVAL OR ILLICIT RETENTION/ OR THE ACTIONS PREVENTING ACCESS**

Página | 5

Indica: fecha, hora y lugar en que ocurrió la sustracción, incluyendo información sobre la fecha y temporalidad de cualquier permiso de viaje que se hubiera otorgado; o bien indicar la fecha en la que se dejó de ejercer el derecho de visita, si requiere más espacio incluya las hojas que considere necesarias. / Please provide a statement of the date, time, place and circumstances of the wrongful removal or retention, including the issuance and expiration date of any permission to travel ; or the date in which access stopped. If you need more space, please attach additional sheets.

Se acompaña anexo conteniendo los hechos y procedimientos previos a la sustracción.

ANEXO FOJA 5

## SUSTRACCIÓN DE LAS MENORES PORRETTI BÁEZ

## RESUMEN DE LOS HECHOS – Ciudad de México, 9 de mayo de 2017

**YANIRA IVETTE BAEZ MINERVINO** sustrajo de su hogar a mis menores hijas R████ M████ y C████ ████ P████ B███ a las 4.30 horas del 16 de diciembre de 2016, para llevarlas consigo **ILEGALMENTE** fuera de México.

Lo anterior, a pesar de que mis hijas <u>fueron DOMICILIADAS JUDICIALMENTE PARA SU PROTECCIÓN, desde el 2 de abril de 2013, por la JUEZ 42 FAMILIAR en el expediente 175/2013 en el departamento de mi propiedad, sito en Prolongación Bosques de Reforma 1477, Torre Uno departamento 201, colonia Bosques de las Lomas delegación Miguel Hidalgo Ciudad de México.</u>

Ignoro la razón por la qué, la madre a se llevó mis menores hijas a los Estados Unidos de Norteamérica, siendo **ABSOLUTAMENTE SORPRESIVA E INESPERADA TAL CONDUCTA**, dado que ella inició y sigue el juicio antes indicado en contra del suscrito; en el que la última actuación de los representantes de YANIRA BAEZ corresponde al **VEINTISIETE DE MARZO de 2017** y los trámites normales del juicio han continuado durante el mes de mayo de 2017, estando pendiente de que los apoderados de Yanira Baez desahoguen la vista que se les dio, en relación con diversas pruebas que ofreció el suscrito, relacionadas con el pago de mis obligaciones alimentarias y diversas probanzas que acreditan la FUGA de Yanira Baez con mis menores hijas, lo cual debe acontecer antes del doce de mayo próximo.



Por consiguiente, <u>NO EXISTE en los autos de los dos juicios, NINGUN DESISTIMIENTO DE NADA DE PARTE DE YANIRA BAEZ</u> y en cuando termine el desahogo de estas últimas pruebas se dictara sentencia tanto en la CONTROVERSIA FAMILIAR de CUSTODIA DEFINITIVA del Juzgado 37 Familiar que ya está acumulado en el Juzgado 42 Familiar y la sentencia en el incidente de cambio de domicilio y **PRECISAMENTE SOBRE LA CUSTODIA DEFINITIVA DE MIS HIJAS**, misma que deberá dictarse en poco tiempo.

Ambas sentencias deberán ser pronunciadas por el mismo Juez 42 Familiar, a fin de evitar que haya resoluciones contradictorias, que está prohibido por las leyes elementales de nuestro país, en virtud de que se trata de las mismas personas, las mismas causas y las mismas cosas, aunque devengan de acciones diferentes, en una fue primero el divorcio y derivado de él, la controversia de la custodia, y en el otro la acción directa fue la custodia definitiva de las menores.

Sin embargo, la seguridad del condominio de mi propiedad donde estaban domiciliadas mis acreedoras alimentarias, me informó que la última vez que vieron a mis hijas con YANIRA IVETTE BAEZ en la localidad, fue el DIECISEIS DE DICIEMBRE DE DOS MIL DIECISEIS, aclarándose que, ese fue el primer día de vacaciones de mis hijas, sin que las hayan vuelto a ver hasta la fecha.

Fue así, que a las catorce horas del NUEVE DE ENERO DE DOS MIL DIECISIETE --- día en que volvieron las escuelas de las vacaciones de diciembre--- estando en un viaje de negocios, recibí una llamada a mi teléfono celular, de la encargada de la caja del Instituto Rosedal Vista Hermosa, que es la escuela a la que asisten mis hijas, ubicada en la colonia Vista Hermosa, delegación Cuajimalpa en la Ciudad de México, quien me informó PARA MI GRAN SORPRESA, *"que no me iban a descontar el dinero correspondiente al mes de enero de 2017, ya que ese día habían llamado la señora YANIRA BAEZ, para avisar que mis hijas ya no iban a volver a asistir a esa escuela a partir de esa fecha, porque ya estaban en una escuela en los Estados Unidos"*.

Me comuniqué con mis abogados para ponerlos al tanto de la situación, quienes iniciaron las averiguaciones del caso, siendo que se requerían diversas pruebas para acreditar LA FUGA de la madre con mis hijas, en los autos del juicio que Yanira Báez continúa tramitando contra el suscrito y del trámite restitutorio que ahora se inicia.

Es importante destacar qué desde el inicio de nuestros problemas matrimoniales, la madre NUNCA QUISO NEGOCIAR CON EL SUSCRITO NI EL DIVORCIO, NI LA CUSTODIA DE MIS HIJAS. Simplemente se encaprichó en que se las llevaría con ella A CUALQUIER PRECIO a vivir a Nueva York en los Estados Unidos de Norteamérica, no obstante que desde que nos casamos,

2

establecimos nuestro domicilio conyugal en México, y cuando nuestras hijas nacieron, ese domicilio conyugal ya era la Ciudad de México, porque aquí tengo el principal asiento de mis negocios.

Otra de las causas por las que esa señora pidió el divorcio, fue su necedad que nos fuéramos a vivir a Nueva York, sólo porque ella así lo decidió. Además de que dijo que lo que yo ganaba no era suficiente para lo que ella se merecía. Obviamente no acepté su propuesta porque no tengo ni permiso de trabajo, ni interés de vivir en esa ciudad y fue así que se dio el divorcio. El trámite del mismo ha durado más de cuatro años y continúa. Para mi vivir en esa ciudad es imposible ya que mis ingresos, como lo he dicho, provienen de mi trabajo en la Ciudad de México, donde desde que llegué decidí establecerme y porque aprendí a amar este país como mi segunda patria.

Por todas estas razones, es de suponer que mis hijas se encuentran en esa ciudad. TENGO QUE DESTACAR que Yanira Ivette Báez no tiene recursos propios porque, aunque estudió una carrera universitaria en los Estados Unidos, salió de allá hace más de quince años y solo trabajó en la Ciudad de México por un pequeño periodo de tiempo durante 2007.

En el expediente 175/2013, Yanira Báez dijo que le ayudaban económicamente su madre DELFINA BAEZ MINERVINO y su hermana IVETTE YANIRA BAEZ, quienes deben ser sus posibles cómplices para sacar a mis hijas del país y posiblemente las tengan viviendo en la casa que habitan, localizada en Brooklyn, NY.

Empero, aun cuando para la FUGA CON MIS HIJAS le hayan ayudado a YANIRA BAEZ sus parientas, éstas son personas de recursos muy limitados y en el juicio también quedó acreditado con diversas pruebas, que YANIRA IVETTE BAEZ tiene un amante, concubino o quizá esposo, cuyo **nombre es JOSEPH ANTHONY MESSING, de nacionalidad norteamericana quien debe ser su "SPONSOR".** Este señor es abogado y trabaja o trabajaba en la Aseguradora NEW YORK LIFE con domicilio en Manhattan, NY.

Yanira Báez ha sido defendida en el juicio, por los abogados **ALFONSO SEPULVEDA GARCIA, HABIB DIAZ NORIEGA Y CLAUDIA LOPEZ ALCANTARA,** quienes trabajan en un bufete de alto costo. Con los

3

ingresos REALES de Yanira Baez, ésta no hubiera PODIDO PAGARLOS y por ello, lo más seguro es que ese sujeto es quien le ha dado el dinero a la madre de mis hijas, tanto para el seguimiento del juicio, como el necesario para sustraer a mis hijas de su hogar donde fueron judicialmente domiciliadas y por lo tanto también considero que es SU COMPLICE en la sustracción de mis menores hijas del país.

La madre de mis hijas es originaria de Puerto Rico. Su madre es migrante de República Dominicana y se fue a vivir a Brooklyn, NY 50 años atrás, donde Yanira Báez vivió hasta los 17 años. En el juicio de divorcio dijo a los jueces familiares, que llevaría a mis hijas a vivir a esa casa con su madre jubilada DELFINA BAEZ MINERVINO y su hermana IVETTE YANIRA BAEZ quien, por cierto, es bailarina exótica conforme lo acredité en el juzgado 42 Familiar.

Me consta que Yanira Báez y sus parientes son más bien de condición sencilla y de muy pocos ingresos. Aunque es muy posible que le enviaran dinero, nunca sería lo suficiente para pagar un bufete de costosos abogados, en un litigio de más de cuatro años y tampoco es posible que sus parientas solas pudieran costear LA FUGA DE LA MADRE CON MIS HIJAS.

### Por ello y por lógica se presume que quien paga todos los gastos de los litigios civiles, penales y de la FUGA de YANIRA BAEZ con mis hijas es el concubino de la madre, JOSEPH ANTHONY MESSING.

Para mayor compresión de las circunstancias a las que YANIRA BAEZ ha sometido a mis hijas, a continuación, se hace un **BREVE RESUMEN DEL LITIGIO FAMILIAR DE MÁS DE CUATRO AÑOS.**

En el año 2012, nuestra relación matrimonial estaba terminada y ante las amenazas de Yanira Báez, de llevarse a las menores hijas de las partes R███ M████ de 12 años y C█████████ ██████ de 7 años a esta fecha respectivamente, por cualquier forma a vivir a los EE.UU., su padre el señor MARTIN ALBERTO PORRETTI promovió controversia de custodia definitiva ante el Juzgado 37 Familiar, expediente 2343/2012, en donde el juez de inmediato ordenó el arraigo de las menores en la ciudad de México, para lo que giró oficio a la Dirección



4

de Migración, cuyas constancias obran en la copia certificada que se exhibe con esta solicitud que me fue expedida por el Juzgado 42 Familiar del Distrito Federal.

Con posterioridad, Yanira Báez promovió juicio de divorcio ante el Juzgado 42 Familiar del Distrito Federal en contra de Martín Porretti; expediente 175/2013. La juez 42 Familiar también de inmediato decretó el arraigo de las menores en esta Ciudad, por lo que se envió un segundo oficio a Migración donde se hizo la anotación respectiva. Yanira Baez reclamó para ella la custodia de nuestras hijas, en virtud de que dijo que el señor Porretti había cometido violencia familiar.

El 2 de abril de 2013, la Juez 42 pronunció sentencia que declaró el divorcio, decretó la custodia provisional de mis hijas a favor de la madre Yanira Báez; domicilió a la madre y a mis hijas en el condominio de mi propiedad, habiéndose autorizado mis convivencias con ellas por una hora los sábados y otra hora los domingos, en la Casa de Convivencia Supervisada del Tribunal Superior de Justicia del Distrito Federal, además de que, me ordenó pagar una pensión alimentaria del 30% - treinta por ciento--- de mis ingresos tanto para mis dos hijas como para la madre.

Con posterioridad, Yanira Báez dentro de este juicio promovió incidente de custodia definitiva y cambio de domicilio a la ciudad de Nueva York, Estados Unidos de Norteamérica. Ante la injusta convivencia decretada con mis hijas, presenté una queja ante la Comisión de Derechos Humanos del Distrito Federal, la que envió una representante para entrevistarse con la juez 42 Familiar.

Asimismo, en el mes de mayo 2014, hubo una plática de menores con la juez 42 citada, con mis hijas. Allí, mi hija R███████, solicitó a la Juez 42 Familiar, que ella y su hermana pudieran convivir conmigo fuera de la casa de Convivencia Supervisada, de tal manera de poder ir al cine, comer y convivir conmigo en mi casa, porque dijo que ella y su hermanita me querían mucho.

**Es ELEMENTAL señalar que la acusación de YANIRA BAEZ en contra mía, de violencia familiar en perjuicio de ella y de mis hijas ES ABSOLUTAMENTE FALSA Y NUNCA LA HA PODIDO DEMOSTRAR NI EN LOS JUICIOS E INCIDENTES FAMILIARES NI**

**EN LAS DENUNCIAS PENALES QUE HA PRESENTADO EN MI CONTRA EN DIVERSAS OCASIONES, no obstante que una denuncia penal al respecto todavía está en trámite PERO YANIRA BAEZ NO HA PODIDO PRESENTAR PRUEBA ALGUNA QUE ACREDITE SUS MENTIROSAS ACUSACIONES.**

Por la petición de mi hija R████ y la intervención de la Comisión de Derechos Humanos, fue hasta el mes de agosto de 2014, que la Juez 42 Familiar decretó que mis convivencias con mis hijas serían TODOS los fines de semana, debiendo recogerlas los viernes a la salida de la escuela y devolverlas a su madre los domingos a las seis treinta de la tarde, en una casa de convivencia supervisada y un jueves cada mes, y a partir de entonces, aproximadamente durante seis meses conviví así con mis hijas con la ayuda de su nana la Sra. Hortensia Ortega Ruiz.

Como se ha dicho con antelación, Yanira Báez pidió la custodia definitiva de sus hijas acusando INJUSTAMENTE a Martin Porretti de haber cometido violencia familiar en contra de ella y de sus hijas, lo cual es **ABSOLUTAMENTE FALSO**, la verdad es que la madre nunca estuvo de acuerdo en que sus hijas convivieran con su padre, ni un día, ni siquiera una sola hora.

Aún más, debido a los múltiples amparos que fueron interpuestos por la madre, durante los MÁS de CUATRO AÑOS que han durado los juicios, TAMPOCO PUDE CONVIVIR CON MIS HIJAS EN NINGUNA DE LAS VACACIONES OFICIALES, NI DIAS DE ASUETO ESCOLAR ya que desde que la Juez 42 Familiar cambió las convivencias a los fines de semana en mi casa, YANIRA BAEZ interpuso apelaciones, quejas y amparos logrando a través de ellos que me quitaran mis convivencias con mis hijas los fines de semana durante seis meses aproximadamente para luego volver a convivir con ellas durante los fines de semana.

Sin embargo, con otra suspensión judicial se restringieron las convivencias al horario inicial de una hora durante el sábado y otra hora el domingo de cada semana.

Después de muchos trámites, fue hasta que el Segundo Tribunal Colegiado de Circuito en Materia Civil de la Ciudad de México, en el último amparo promovido por Yanira Báez, el que cambió las convivencias provisionales y ordenó que el señor Porretti conviva con

sus hijas los sábados y domingos de once a diecisiete horas, pudiendo llevarlas consigo a su casa y devolverlas al Centro de Convivencia Supervisada, lo que empezaría a partir del SIETE DE ENERO DE 2017, pero esto ya no fue posible porque las menores ya habían sido SUSTRAÍDAS ILEGALMENTE de México por la madre.

Los dos juicios quedaron acumulados ante el Juzgado 42 Familiar y como se dijo en renglones precedentes, solo falta que se desahoguen las últimas pruebas y se dicte la sentencia QUE DETERMINARÁ LA CUSTODIA DEFINITIVA DE LAS MENORES, lo que sucederá en los próximos meses. Mi ex esposa SE ESCAPÓ LLEVÁNDOSE A MIS HIJAS, pero dejó a sus abogados como apoderados los que siguen vigilando y actuando en el procedimiento. La última actuación de dichos abogados en el juicio fue el 28 de marzo de 2017.

Sin embargo, Yanira Baez hasta la fecha y luego de más de cuatro años y medio de trámites judiciales, no ha podido demostrar NINGUN TIPO DE VIOLENCIA de la que acusó como al señor Porretti, no obstante que ha inventado diversos hechos, acusaciones y procedimientos.

Es importante destacar que yo, Martín Porretti, pago puntualmente la pensión alimentaria provisional de las tres personas, tal como lo resolvió el Juzgado 42 Familiar en la sentencia del 2 de abril de 2013, la que mensualmente es de aproximadamente $Mex 53,000.00 – cincuenta y tres mil pesos—

Esta pensión se integra: con el uso del departamento de mi propiedad, en el que fueron DOMICILIADAS POR EL JUZGADO FAMILIAR 42, el que actualmente produciría una renta mensual de $Mex 25,000 mensuales, más el mantenimiento de ese inmueble, el agua, el gas, electricidad, gastos escolares, seguro médico, útiles escolares, vestimenta, etc.

Adicionalmente, YANIRA BAEZ interpuso en contra del señor MARTIN PORRETTI, 3 denuncias penales, con el afán de meterlo a la cárcel y quitarle sus menores hijas, R███ M█████ y C████████ █ P████████ B███ pero sus denuncias penales están fundadas solo en mentiras.

Dos denuncias ya fueron desestimadas por falta de elementos y solo queda pendiente la Averiguación Previa: FNNA/59/T3/02006/15-07 por Violencia Familiar la que es casi imposible que prospere en virtud de que las pruebas son realmente muy débiles e insuficientes para demostrar nada.

MARTIN ALBERTO PORRETTI

09/05/17

## V. DATOS DE LOS PADRES/ PARENT INFORMATION

¿Están o estaban casados? / Are you or were you married?    [X] Sí / Yes   [ ] No/No    Página | 6

En caso afirmativo, por favor llene lo siguiente: / If so, please complete the following:

Brooklyn N.Y    | DD. 05 MM 2002 |

**Lugar del matrimonio/Place of marriage**     **Fecha /Date**

Ciudad de Mexico.    02 / 04 2013

**Lugar del divorcio/Place of divorce**     **Fecha /Date**

¿Hay alguna resolución o convenio judicial relativo a los menores?/
Is there any judicial decree related to the child(ren)?
(En caso afirmativo la misma deberá anexarse)/
(If so, please attach it)    [X] Sí /Yes   [ ] No/No

¿Habitaban juntos antes de la sustracción?
Were the parents living together before the abduction?    [ ] Sí /Yes   [X] No/No

## VI. PROCEDIMIENTOS O INSTANCIAS EN TRÁMITE/ONGOING PROCEEDINGS

Por favor especifique si existen procedimientos judiciales relacionados con el/ los menor(es) en curso. Si requiere más espacio incluya las hojas que considere necesarias. / Please state if there are ongoing judicial proceedings concerning the child/ren. If you need more space, please attach additional sheets.

Se Acompaña resumen de los.
Juicios y el estado actual de los
mismos. Anexo foja 5

## DATOS DE CONTACTO DEL ABOGADO / ATTORNEY'S CONTACT INFORMATION

| (55A3459706 | (- 52510983 . | ( ) |
|---|---|---|
| **Teléfono directo/ Direct line** | **Teléfono de oficina/Office number** | **Celular/Mobile** |

| Elvia Nora | Calderon C. |
|---|---|

elvia.calderón @ hotmail.com.

| Correo electrónico/E-mail | Otros/Other |
|---|---|

**VII. (LLENAR ESTA PARTE SÓLO SI SE SOLICITA LA RESTITUCIÓN O DERECHOS DE VISITA DE MÁS DE UN MENOR/ COMPLETE THIS PART ONLY IF YOU ARE REQUESTING THE RETURN OR ACCESS OF MORE THAN ONE CHILD)**

Página | 7

**NOMBRE DEL MENOR / NAME OF THE CHILD**

| A ▮▮▮ | B ▮▮▮ | C ▮▮▮ |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and Middle name |

| ▮▮▮ 12010 | CIUDAD DE MEXICO | MEXICANA. |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| ▮▮▮ 12026 | FEM. | 7 AÑOS |
|---|---|---|
| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |

| DD / MM / YYYY | CIUDAD DE MEXICO. |
|---|---|
| Número de pasaporte/ Y Fecha de Caducidad/ Passport number and Expiration date | Residencia habitual ANTES DE LA SUSTRACCIÓN/ Habitual residence BEFORE THE ABDUCTION |

**INFORMACIÓN FÍSICA/PHYSICAL INFORMATION**

| 1.13 m | 22 Kg | Castaño Oscuro | miel. |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

Señas particulares/Distinctive marks.

**NOMBRE DEL MENOR /NAME OF THE CHILD**

| | | |
|---|---|---|
| Apellido paterno/Last name | Apellido materno/Maternal last name | Nombre(s)/First and middle name |

| DD / MM / YYYY | | |
|---|---|---|
| Fecha de nacimiento/Date of birth | Lugar de nacimiento/Place of birth | Nacionalidad/Citizenship |

| DD / MM / YYYY | | |
|---|---|---|
| Cumplirá 16 años el/Who will be the age of 16 years on | Sexo/Gender | Edad / Age |

| DD / MM / YYYY | País /Country |
|---|---|
| Número de pasaporte/ Y Fecha de Caducidad/ Passport number and Expiration date. | Residencia habitual ANTES DE LA SUSTRACCIÓN/ Habitual residence BEFORE THE ABDUCTION |

**INFORMACIÓN FÍSICA/PHYSICAL INFORMATION**

| | | | |
|---|---|---|---|
| Estatura/Height | Peso /Weight | Color de cabello/Hair color | Color de ojos/Eye color |

En caso de requerir más espacio para otro menor, favor de fotocopiar la presente hoja / If you need more space, please photocopy this page.

Señas particulares/Distinctive marks

## VIII. PROPUESTA DE RETORNO O CONVIVENCIAS CON EL MENOR/PROPOSAL FOR RETURN OR ACCESS

Página | 8

Proporcionar información sobre la manera en que se propone que viaje el menor y las personas que lo acompañarían a su lugar de residencia habitual en caso de ordenarse su retorno; o bien, la propuesta de convivencias y/o contacto por medios electrónicos en caso de haber solicitado derechos de visita. Si requiere más espacio, favor de anexar las hojas necesarias.

Please provide information about proposed travel arrangements for the child if return is ordered, including the name of the person traveling with the child. If you request access please provide visitation and/or contact proposal.

SE PROPONE RETORNO A LA CIUDAD DE MEXICO VIA AVION PARA LAS MENORES ACOMPAÑADAS POR SU PADRE. YA QUE CUENTA CON los DOCUMENTOS SUFICIENTES Y los MEDIOS ECONOMICOS NECESARIOS PARA VIASAR A LOS EEUA

20

## IX. COMENTARIOS Y OBSERVACIONES/ADDITIONAL REMARKS

Favor de especificar si cuenta con documentación migratoria para ingresar al país en el que se encuentra el menor/es, si está disponible y cuente con los recursos para viajar y si habla el idioma del país de que se trate. Please specify if you have documents required to enter the country where the child/ren is/are located, if you are available and have the resources to travel and whether you speak the language of that country.

Página | 9

el padre cuenta con la documentación
de visado necesario para ingresar a los
EEUA y tiene los suficientes recursos
monetarios para hacer el traslado
de sus hijas en su retorno a MEXICO.

## DOCUMENTOS QUE SE ANEXAN/DOCUMENTS ATTACHED

☑ FOTOGRAFIA DEL MENOR/ES PHOTOGRAPH OF THE CHILD(REN)

☑ FOTOGRAFIA DE LA PERSONA QUE PRESUNTAMENTE SUSTRAJO AL (LOS) MENOR(ES)PHOTOGRAPH OF THE PERSON ALLEGED TO HAVE WRONGFULLY REMOVED THE CHILD(REN)

☑ COPIA CERTIFICADA DEL ACTA DE NACIMIENTO DEL(OS) MENOR(ES)/CERTIFIED COPY OF THE BIRTH CERTIFICATE OF THE CHILD(REN)  2

☐ COPIA CERTIFICADA DEL ACTA DE MATRIMONIO/CERTIFIED COPY OF THE MARRIAGE CERTIFICATE

☑ SENTENCIA QUE DECRETA EL DIVORCIO/DIVORCE DECREE  COPIA CERTIFICADA.

☑ ACUERDO O CONVENIO JUDICIAL RELATIVO A LA CUSTODIA Y/O AL EJERCICIO DEL DERECHO DE VISTA/JUDICIAL AGREEMENT CONCERNING CUSTODY OR ACCESS

☐ OTROS (OTHER):

Copias certificadas de la alerta
migratoria para que las menores
permanecieran arraigadas en la
Ciudad. de MEXICO, República Mexicana
remitida por el Juez 3° Familiar de
la Ciudad de México a la Dirección
General de Migración de la Secretaría
del Gobernación.

| CIUDAD DE MEXICO | | 09/05/17 |
|---|---|---|
| Lugar y firma/Place and Signature | | Fecha/Date |





www.traduccionesmexico.com.mx
contacto@traduccionesmexico.com.mx
gabcab25@hotmail.com

*Juan Gabriel Castro Badillo, English- Spanish Interpreter -Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Court of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 8, 2015, by resolution 55-37/2015, which contains the List of Official Authorized Experts, dated OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to assist Courts of Law, with administrative control registration number 27 (TWENTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators", DO HEREBY CERTIFY, TO THE BEST OF MY KNOWLEDGE THAT, THIS IS A TRUE AND EXACT TRANSLATION FROM SPANISH OF THE DOCUMENT WHOSE COPY IS ATTACHED HERETO, SUCH DOCUMENT CONSISTS OF TEN -10- PAGES; THIS TRANSLATION CONSISTS OF TWELVE -12- PAGES, INCLUDING THIS CERTIFICATION.*

*— DO NOT ACCEPT THIS TRANSLATION IF IT CONTAINS ANY MENDING OR ERASURES: —*
*— THIS CERTIFICATION DOES NOT CERTIFY THE CONTENT OF THE ORIGINAL DOCUMENT, TRANSLATOR MAY NOT BE HELD LIABLE FOR THE CONTENT OF THE ORIGINAL DOCUMENT.—*
*— ALL PAGES MUST BE SIGNED AND/OR SEALED BY TRANSLATOR ON THE BACK OR FRONT SIDE. —*

*Mexico City, March 21, 2017.*

*Official English – Spanish / Spanish - English Interpreter - Translator Expert Authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Justice Court Tribunal of Law in Mexico City, Mexico) Address: Parroquia No. 830, Colonia Del Valle, C.P. 03100, Delegación Benito Juárez en México D.F., México Telephone: (52) 55242714*





(SEAL)

- *REGISTERED IN THE BRITISH COUNCIL MEXICO (EMBASSY OF THE UNITED KINGDOM IN MEXICO)*

- *REGISTERED IN THE EMBASSY OF THE UNITED STATES OF AMERICA IN MEXICO*

- *REGISTERED IN THE EMBASSY OF CANADA IN MEXICO*

- *REGISTERED BY THE FEDERAL TRIBUNAL OF FISCAL AND ADMINISTRATIVE JUSTICE IN MEXICO (TFJFA)*

- *MEMBER OF ATA —AMERICAN TRANSLATORS ASSOCIATION.*

*(YOU CAN LEARN ABOUT OUR PRIVACY NOTE AT www.traduccionesmexico.com.mx)*
*TRADEMEXIS IS A REGISTERED TRADEMARK*

**Juan Gabriel Castro Badillo**
INTERPRETE TRADUCTOR INGLÉS- ESPAÑOL / ESPAÑOL-INGLÉS

PERITO AUTORIZADO POR EL TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL
PERITO REGISTRADO ANTE EL TRIBUNAL FEDERAL DE JUSTICIA FISCAL Y ADMINISTRATIVA,
PERITO AUTORIZADO POR EL CONSEJO DE LA JUDICATURA FEDERAL.
PERITO REGISTRADO ANTE EL BRITISH COUNCIL (EMBAJADA BRITÁNICA EN MÉXICO)
PERITO INCLUIDO EN LAS LISTAS DE LA EMBAJADA DE LOS ESTADOS UNIDOS DE NORTEAMÉRICA EN MÉXICO.
PERITO REGISTRADO EN LAS LISTAS DE LA EMBAJADA DE CANADÁ EN MÉXICO.

**Traducciones México**

www.traduccionesmexico.com.mx
contacto@traduccionesmexico.com.mx
gabcab25@hotmail.com

*Juan Gabriel Castro Badillo, English- Spanish Interpreter -Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Court of Justice in Mexico City, Mexico), In Ordinary session held on SEPTEMBER 8, 2015, by resolution 55-37/2015, which contains the List of Official Authorized Experts, dated OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to assist Courts of Law, with administrative control registration number 27 (TWENTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators", DO HEREBY CERTIFY, TO THE BEST OF MY KNOWLEDGE THAT, THIS IS A TRUE AND EXACT TRANSLATION FROM SPANISH OF THE DOCUMENT WHOSE COPY IS ATTACHED HERETO. SUCH DOCUMENT CONSISTS OF TEN -10- PAGES. THIS TRANSLATION CONSISTS OF TWELVE -12- PAGES, INCLUDING THIS CERTIFICATION. ─────*

*─ DO NOT ACCEPT THIS TRANSLATION IF IT CONTAINS ANY MENDING OR ERASURES. ─*
*─THIS CERTIFICATION DOES NOT CERTIFY THE CONTENT OF THE ORIGINAL DOCUMENT,*
*TRANSLATOR MAY NOT BE HELD LIABLE FOR THE CONTENT OF THE ORIGINAL DOCUMENT.─*
*─ ALL PAGES MUST BE SIGNED AND/OR SEALED BY TRANSLATOR ON THE BACK OR FRONT SIDE. ─*

*Mexico City, March 21, 2017.*

*Official English ─ Spanish / Spanish - English Interpreter - Translator Expert*
*Authorized by "Pleno del Consejo de la Judicatura del Distrito Federal"*
*(Superior Justice Court Tribunal of Law in Mexico City, Mexico)*
*Address: Parroquia No. 836, Colonia Del Valle, C.P. 03100,*
*Delegación Benito Juárez en México D.F., México*
*Telephone: (52) 55242714*



**(SEAL)**

- REGISTERED IN THE BRITISH COUNCIL MEXICO. (EMBASSY OF THE UNITED KINGDOM IN MEXICO)

- REGISTERED IN THE EMBASSY OF THE UNITED STATES OF AMERICA IN MEXICO

- REGISTERED IN THE EMBASSY OF CANADA IN MEXICO

- REGISTERED BY THE FEDERAL TRIBUNAL OF FISCAL AND ADMINISTRATIVE JUSTICE IN MEXICO (TFJFA)

- MEMBER OF ATA ─ AMERICAN TRANSLATORS ASSOCIATION.

*(YOU CAN LEARN ABOUT OUR PRIVACY NOTE AT www.traduccionesmexico.com.mx)*
*TRADMEX© IS A REGISTERED TRADEMARK*

**Juan Gabriel Castro Badillo**
INTÉRPRETE TRADUCTOR INGLÉS-ESPAÑOL / ESPAÑOL-INGLÉS

PERITO AUTORIZADO POR EL TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL.
PERITO REGISTRADO ANTE EL TRIBUNAL FEDERAL DE JUSTICIA FISCAL Y ADMINISTRATIVA.
PERITO AUTORIZADO POR EL CONSEJO DE LA JUDICATURA FEDERAL.
PERITO REGISTRADO ANTE EL BRITISH COUNCIL (EMBAJADA BRITÁNICA EN MÉXICO)
PERITO INCLUIDO EN LAS LISTAS DE LA EMBAJADA DE LOS ESTADOS UNIDOS DE NORTEAMÉRICA EN MÉXICO.
PERITO REGISTRADO EN LAS LISTAS DE LA EMBAJADA DE CANADÁ EN MÉXICO.

**SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT**
*"For the Autonomy and Independence of the Court*
*for a forefront city".*
***Thirty Seventh Family Law Courtroom***

*[SEAL WITH THE LEYEND, "UNITED MEXICAN STATES, SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT, MEXICO", APPEARS IN THIS PART OF THE DOCUMENT]*

-Electronic Signature 9JCO7/TS20F Beginning—— Instance Thirty Family Law Courtroom 2343/2012 Court Clerk: A Documents Court order published on 2012-12-06 Signer: JFSTJ

-Electronic Signature 9JCO7/TS20F Beginning—— Instance Thirty Family Law Courtroom 2343/2012 Court Clerk: A Documents Court order published on 2012-12-06 Signer: JFSTCA

Mexico, Federal District, DECEMBER FOUR, two thousand twelve.-

— Form the case files with the petition, attachments, and copies included, and record such petition in the government book with the corresponding entry. Considering the content of such document and the fact description included, as provided by article 941 of the Code of Civil Procedure, the complaint deficiency is hereby amended as such complaint deals with minor children's rights, whereas the undersigned Judge bears the obligation to protect such rights: therefore, the petition, **Family Controversy, CUSTODY AND ALIMONY,** is hereby accepted. Therefore, the petition filed by **MARTÍN ALBERTO PORRETTI NICOLAS,** *per se,* acting as petitioner, Vs. **YANIRA IVETTE BAEZ MINERVINO,** the defendant, with the petition indicated thereto, is hereby recorded. As provided by articles **940, 941, 942, 943,** and other applicable articles of the Code of Civil Procedure, such petition is hereby accepted; serve **PERSONAL NOTICE** to the defendant with the copies included, for such defendant to respond to such petition in **NINE DAYS,** with warning that if such defendant fails to do so, her answer to such petition will be considered as negative. Request the defendant to prove her legal residence in Mexico, according to article 68 of the Population General Act, with the corresponding warning that if she fails to do so, she will be subject to the orders produced in this case. The evidence produced by the petitioner is hereby admitted, except evidence item No. XX, regarding the minor children R███████ M██ P████ B███ and C███████ P████ B███, as they have a legal impediment as provided by article 23 and 424 of the current Civil Code, regardless of the fact that, if the undersigned Judge considers it appropriate, a conference with them will be ordered. As a consequence, the corresponding law hearing will be held on **FEBRUARY TWELVE, TWO THOUSAND THIRTEEN, AT TWELVE P.M.,** considering that such date has been stated due to the excessive workload and number of hearings scheduled in the agenda of the Court Clerk "A" of this Courtroom, as provided by the following criteria produced by the *FEDERAL SUPREME COURT OF JUSTICE in Page 519, Fifth Season, Book LXVIII, of the Federal Judicial Gazette, which is followed by the undersigned Judge, which states the following: "CONSTITUTIONAL HEARING, DATE AND...*

Printed on December 5, 2012

**SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT**
*"For the Autonomy and Independence of the Court*
*For a forefront city".*
**Thirty Seventh Family Law Courtroom**

*(A SEAL WITH THE LEGEND, "UNITED MEXICAN STATES, SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT. 386/XXV, APPEALS 157/XIX PART OF THE DOCUMENT)*

TIME. As provided by article 147 of the Constitutional Guarantee for Protection of Civil Rights Act, a date and time for the hearing must be specified in the court order that accepts a petition, within the following thirty days; but these must be business days as the workload in the federal courts is very high, and it would be impossible to strictly follow the law. Therefore, the order by which a federal Judge schedules a hearing after thirty days is not illegal if this is due to the needs of the Court, and not for dolus or mala fides on the Judge's part". In order to prepare the Confession of **YANIRA IVETTE BAEZ MINERVINO**, serve notice to such individual in the Court Bulletin, to come in person and not represented by any individual, before this Courtroom on the date and time aforementioned, to respond to the questions previously authorized by the undersigned Judge, warning such defendant that if she fails to come before this Courtroom, all the questions will be deemed as affirmatively responded, as provided by article 948 of the Code of Civil Procedure. Regarding depositions, the petitioner is hereby requested to reduce his witnesses as several have been offered and they have been related to all the facts in the petition, warning such petitioner that if he fails to do so, only the first two witnesses indicated in his petition will be considered as such, regardless of the latter, the petitioner must bring his witnesses to this Courtroom on the date and time stated hereinbefore, warning such petitioner that if he fails to do so, such evidence will not be considered according to article 357 and 498 of such Code. Regarding evidence item number IV, serve notice to the other party for THREE DAYS to agree or disagree with such evidence and, if applicable, propose other pointers or matters additional to the petitioner's, according to article 348 of the Code of Civil Procedure. Regarding the provisional measures requested in paragraph d) of the corresponding chapter, and as provided by article 941 second of the Code of Civil Procedure, the undersigned Judge will decide on the PROVISIONAL CUSTODY of the MINOR CHILDREN R████ M████ P████ B████ and C██████ P████ B████ on FEBRUARY TWELVE, TWO THOUSAND THIRTEEN, and therefore the parties must come to this Courtroom on such date and time with the aforementioned minor children and, if such parties fail to do so, they will be penalized with a penalty of $6,000.00 (SIX THOUSAND 00/100 PESOS), as provided by article 62, section II, and 73, Section I, of the Code of Civil Procedure. Serve notice to the other party to inform such party about the other requested provisional measures so that such party will declare accordingly. Considering the capacities of the undersigned Judge in Family Matters, and that the minor children, R████ M████ P████ and C██████ P████ are Mexicans, children to foreign parents, the undersigned Judge must hear this Court in this case, which are part of the public interest and therefore are not subject

# SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT
## *"For the Autonomy and Independence of the Court*
## *For a forefront city".*
### Thirty Seventh Family Law Courtroom

to the parties' will, from becoming nugatory, and considering the children's superior interest, address an official letter to the MINISTRY OF INTERNAL AFFAIRS and the MIGRATION NATIONAL INSTITUTE to prevent YANIRA IVETTE BAEZ MINERVINO from leaving the country with her minor children, R▮▮▮ M▮▮▮ P▮▮▮ B▮▮▮ and C▮▮▮▮ I▮▮ P▮▮▮; therefore, such authority must comply with this order and instruct its agencies to prevent the aforementioned individuals from leaving the country at any border. Such authority must inform the undersigned Judge of the completion of the aforementioned order in TEN BUSINESS DAYS; certified copies of the aforementioned minor children's birth certificates must be attached. The defendant is warned not to provoke any conditions that could result in domestic violence against the petitioner or their minor children, and such party is advised that if she fails to comply with such order, she will be penalized with a penalty of $6,000.00 (six thousand 00/100 Pesos) for failing to comply with a court order as provided by article 73 of the Code of Civil Procedure. Request YANIRA IVETTE BAEZ MINERVINO not to go away from the place where this case is taking place without assigning a legal representative duly instructed and with resources to respond in this case, according to article 240 of the Code of Civil Procedure. Such defendant is also requested to produce the original marriage certificate with the corresponding translation. Finally, the parties' rights regarding the NO-FAULT DIVORCE PETITION, the undersigned Judge has decided to not to make any order so that the parties will seek for such petition before the corresponding Courthouse according to the previous statements. The parties' domicile and legal representatives are hereby recorded as provided by article 112, fourth paragraph, of the Code of Civil Procedure, with the warning provided in such article, and to the individual indicated for such purpose, regarding such values and, when such appointment is accepted by this Courthouse, the corresponding legal decision will be made. According to the second paragraph of article 25 of the Transparency and Access to the Public Information of the Federal District Act, the defendant is required to produce a written consent to publish his personal data. "The parties are hereby informed that the Superior Court of Justice of the Federal District, in order to bring the parties together to settle their claims, provides mediation services through the Alternative Justice Center of the Court, where they will be provided with free services; these services are not legal counseling. Such Center is located in Av. Niños Héroes, número 133, esquina Doctor Navarro, Colonia Doctores, and Delegación Cuauhtémoc, D.F., C.P. 06720, telephone 5207-2584 and 5208-3349, where they will be provided with free services.

## SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT
### "For the Autonomy and Independence of the Court
### For a forefront city".
### Thirty Seventh Family Law Courtroom

(A SEAL WITH THE
LEGEND, "UNITED
MEXICAN STATES,
SUPERIOR COURT OF
JUSTICE OF THE FEDERAL
DISTRICT, MEXICO,
APPEARS IN THIS PART OF
THE DOCUMENT)

paragraphs, and 9, section VII, of the Alternative Justice Provided by the Superior Court of Justice of Federal District Act". Family Mediation Service 5514-2860 and 5514-5822, mediacion.familiar@tsjdf.gob.mx. The parties are hereby  informed that, according to article 28 of the Regulations to the Superior Court of Justice of the Federal District Institutional System Act, in effect on June fifteen, two thousand ten, case files located in the Judicial Record of this Court, that do not have historic, Judicial and Legal value, according to the criteria provided by these regulations, might be destroyed, provided that such situation is published in the the Superior Court of Justice of the Federal District Bulletin.- Considering the large size of the documents produced, keep them in the Court safe box.- The petitioner is hereby requested to provide the case complete data, and if he fails to do so, additional case files will be formed according to the provisions of article 270 of the Code of Civil Procedure.- Make it known .- So was adjudged and ordered by the Thirty Seventh Family Law Judge, JOSÉ ANTONIO NAVARRETE HERNÁNDEZ, assisted by the Court Clerk EDITH DÍAZ MEZA, who hereby authorizes and certifies.- I hereby certify, ⎯⎯⎯⎯⎯⎯⎯

⎯ Electronic Signature SICORT/TSJDF Fin ⎯⎯⎯ (ALPHANUMERIC STRING)

⎯ Electronic Signature SICORT/TSJDF Fin ⎯⎯⎯ (ALPHANUMERIC STRING)

According to law, this Court order was published in Court Bulletin No. 917 that corresponds to December 5, 2012. I hereby certify.

The previous notice of service came into effect on December 6, 2012. I hereby certify.

Juan Gabriel Castro Badia, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal (Superior Court Of Justice in Mexico City, Mexico) in Ordinary session held on SEPTEMBER 9, 2015, by resolution 55-37/2015,which contains the List of Official Authorized Experts, dated OCTOBER 14, 2015, which contains the list of Official Experts, legally authorized to assist Courts of Law,with administrative control registry*** number 37 (THIRTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators"

Initials / Signature:

Printed on December 9, 2012                    TSJDF/Gour                    Page 6 of 6

"For the Autonomy and Independence of the Court for a forefront city".

**MIGRATION GENERAL DIRECTOR**

As provided by Court Order dated December four, this year, in the order produced in the Family Controversy, CUSTODY AND ALIMONY, filed by MARTÍN ALBERTO PORRETTI NICOLAS Vs. YANIRA IVETTE BAEZ MINERVINO, I hereby address this official letter for you to produce a migratory alert to prevent YANIRA IVETTE BAEZ MINERVINO and her minor children R███ M███ P███ B███ and C███ I███ P███ B███ from leaving the country, but by means of a court authorization, so that you will comply with the aforementioned Court order and inform the corresponding agencies and offices of such order, for them to prevent the aforementioned individuals from leaving the country at any border. You must notify the undersigned Judge of the compliance of this order in 10 business days, including a certified copy of the minor children's birth certificates for such purpose.

SINCERELY,
EFFECTIVE SUFFRAGE, NO REELECTION
Mexico, D.F., December 7, 2012.
THIRTY SEVENTH FAMILY LAW JUDGE
OF THE FEDERAL DISTRICT

*(ILLEGIBLE SIGNATURE)*
M. Sc. JOSE ANTONIO NAVARRETE HERNANDEZ

LEGAL DEPARTMENT
ADMINISTRATIVE ASSISTANT
GENERAL DEPARTMENT
CASE No. 170/12/714
FILE No. 83342
OFFICIAL LETTER No. DGAC/2712/12



00010505
Ministry of
Internal Affairs

SEGOB

Mexico, D.F., December 10, 2012

*Lic.* ANTONIO MUSI VEYNA
HEAD OF THE HUMAN RIGHTS AND TRANSPARENCY LEGAL DEPARTMENT OF THE
MIGRATION NATIONAL INSTITUTE

Regarding the official letter number 6535, dated December 7, 2012, whose copy is attached for further reference, addressed by the Thirty Seventh Family Law Judge of the Superior Court of Justice of the Federal District, according to the Court order dated December 4, this year, in the Family Controversy, Custody and Alimony, number 2342/2012, filed by MARTÍN ALBERTO PORRETTI NICOLAS Vs. YANIRA IVETTE BAEZ MINERVINO, by which such authority sends certified copies of the birth certificates of the minor children R███ M███ P███ B███ and C███ I███ P███ B███, and requests such Ministry the following:

"… I hereby address this official letter for you to produce a migratory alert to prevent YANIRA IVETTE BAEZ MINERVINO and her minor children R███ M███ P███ B███ and C███ I███ P███ B███ from leaving the country, but by means of a court authorization, so that you will comply with the aforementioned Court order and inform the corresponding agencies and offices of such order, for them to prevent the aforementioned individuals from leaving the country at any border. You must notify the undersigned Judge of the compliance of this order …

(…)"

Therefore, as provided by article 20, section I, and last paragraph, and 34, section I and II of the Internal Regulations to the Ministry of Internal Affairs, I hereby send you certified copies of the birth certificates of the minor children R███ M███ P███ B███ and C███ I███ P███ B███, for you to produce the corresponding orders to enforce the court order indicated in the aforementioned official letter. Once such order is complied with, please send the corresponding certification to this department.

SINCERELY,
THE ADMINISTRATIVE DEPARTMENT GENERAL ASSISTANT DIRECTOR

*(ILLEGIBLE SIGNATURE)*

LIC. JULIO CÉSAR ÚLISES CHÁVEZ RAMOS

| (A SEAL WITH THE LEGEND: MINISTRY OF INTERNAL AFFAIRS, LEGAL DEPARTMENT, RECEIVED, DEC 10, 2012, -ALLEGIBLE ATTACHMENTS-..........APPEARS IN THIS PART OF THE DOCUMENT.) |
| --- |

c.c. *Lic.* David Arellano Cuan, Head of the Legal Department.
*Lic.* Jonathan González Vargas, Legal Affairs Director, HEAD OF THE HUMAN RIGHTS AND TRANSPARENCY LEGAL DEPARTMENT OF
THE MIGRATION NATIONAL INSTITUTE. Homero No. 1832, Col. Los Morales Polanco, Del. Miguel Hidalgo, C.P. 11510, in this City.
M. Sc. José Antonio Navarrete Hernández. Thirty Seventh Family Law Judge of the Superior Court of Justice of the Federal District."
Clementina Gil de Lester", Av. Juárez No. 8, piso 12, Colonia Centro, c.p. 06010, Delegación Cuauhtémoc.

**SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT**
*"For the Autonomy and Independence of the Court*
*For a forefront city".*
**Thirty Seventh Family Law Courtroom**

[A SEAL WITH THE LEGEND, "UNITED MEXICAN STATES, SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT, MEXICO", APPEARS IN THE PART OF THE DOCUMENT]

• Electronic signature SICOR/TSJDF (beginning) — Petitioner: Thirty Seventh Family Law Courtroom, Case: 1142/2012. Court Clerk A. Court order published on 2012-12-13 Signed JFGTSA

• Electronic signature SICOR/TSJDF (at placing) — Issues on: Thirty Seventh Family Law Courtroom, Case: 1142/2012. Court Clerk A. Court order published on 2012-12-13 Signed JFGTSA

Mexico, Federal District, December twelve, two thousand twelve. —————————
Attach official letter number 10505, dated December ten, this year, sent by the MINISTRY OF INTERNAL AFFAIRS, which is hereby ordered to be attached to these case files for legal purposes, available to the petitioner. - MAKE IT KNOWN. - So was adjudged and ordered by the Judge, assisted by the Court Clerk, who hereby certifies. ——————————————————————————————————

- Electronic signature SICOR/TSJDF - *(ALPHANUMERIC STRING)*

*(ILLEGIBLE SIGNATURE)*

According to law, this Court order was published in Court Bulletin No. *223* that corresponds to *December 13*, 2012. I hereby certify.

The previous notice of service came into effect on *December 14*, 2012. I hereby certify.

Juan Gabriel Castro Badillo, English-Spanish Interpreter Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal (Superior Court Of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 9, 2015, by resolution 55-37/2015 which completes the List of Official Authorized Experts, dated OCTOBER 14, 2015, which contains the List of Official Experts legally authorized to assist Courts of Law, whit administrative control register*** number 37 (TWENTY SEVEN) from section "Oficial English-Spanish/Spanish-English Interpreter-Translators"

Initial Signature: [signature]

Printed on December 22, 2012                TSJDF/Vice                Page 8 of 8

8 OF 12    H   FILE No. LS -032117-2



CLASSIFICATION DATE (EXTERIOR)
ADMINISTRATIVE UNIT/LABORATORY/CONTROL AUTHENTICATION/GENERAL
DEPARTMENT
EXTENSION IN FULL
The information herein has been classified as reserved information as the disclosure of such information may affect the national security, public security or national defense, affect international relations, affect the economic, financial or economic stability of the country put a person's life, health or security at risk, affect the compliance of any law, prevention and persecution of crimes, justice, migratory control, commercial and industrial secrets (REASONS).
LEGAL FUNDAMENTS (ARTICLES)
RESERVE PERIOD 12 YEARS
SIGNATURE OF THE HEAD OF THE DEPARTMENT/UNIT: (SIGNATURE)
(SIGNATURE)
DECLASSIFICATION DATE:
PUBLIC SERVANT SIGNATURE AND POSITION:

Migratory Control and Verification
Department
Migratory Information and Investigation
Assistant General Department
Migratory Information Department
OFFICIAL LETTER No.
INM/DGCVM/DGAIIM/DIMI/CAN/ /2012
1365
Subject: Answer to official letter

Mexico, D.F., December 17, 2012.

[IN DEALING WITH THE LECTORS, "CUSTODY, JAN Y
"ALLEGALS" THERE SEVENTH FAMILY LAW
COURTROOM", APPEARS IN THIS PART OF THE
DOCUMENT]

M. Sc. José Antonio Navarrete Hernández
Thirty Seventh Family Law Judge
in the Federal District

Regarding your official letter No. 6536, case file 2343/2012, produced in the **FAMILY CONTROVERSY, CUSTODY AND ALIMONY**, petition filed by **MARTÍN ALBERTO PORRETTI NICOLAS Vs. YANIRA IVETTE BAEZ MINERVINO**, requesting a Migratory Alert to prevent the mother, along with her minor children, R▮▮▮ M▮ P▮▮▮ B▮▮ and C▮ ▮ ▮ P▮▮▮ B▮▮, from leaving the country, except with a court authorization.

Regarding such petition, I hereby inform you that the following control records, **CM/PJ/000,542/2012** and **CM/PJ/000,525/2012**, have been registered in the Migratory Control List of this MIGRATION NATIONAL INSTITUTE on the aforementioned minor children's names.

Finally, and regarding **YANIRA IVETTE BAEZ MINERVINO**, I hereby inform you that, in order to complete the corresponding process, you must provide her date of birth as the Migratory Control List of this MIGRATION NATIONAL INSTITUTE automatically requires the individual's full name and date of birth.

The aforementioned facts are hereby informed according to articles 1, 4, 6, 7, 20, paragraphs II, III and IX, 48 and 103 of the Migration Act; 55, section II, subsection C and 62, sections IV, X, XII, and XIII, of the Internal Regulations to the Ministry of Internal Affairs; 3, sections II and IV, 5, 13, sections IV, 14, section I, 18, 20, section VI, 22, sections II, III and IV of the Transparency and Access to the Government Public Information Federal Act.

Sincerely,

*(ILLEGIBLE SIGNATURE)*
Gerardo Ruíz González
**Migratory Information Director**

Reg. 8640/ 12 in relation to 8620

c.c. Lic. María de los Angeles Ocampo Allende. Migratory Control and Verification General Director. In relation to entry 2203757.
c.c. Records

PGB/RGB/SLGO

Juan Gabriel Castro Badillo, English-Spanish Interpreter-Translator Expert authorized by Tribunal Consejo de la Judicatura del Distrito Federal ( Superior Court Of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 6, 2012, by resolution 55-37/2012, which contains the List of Official Authorized Experts, dated OCTOBER 11, 2012, which contains the List of Official Experts legally authorized to assist Courts of Law with administration control register "     number 31 (TWENTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators"

Initials/Signature: _____

**SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT**
*"For the Autonomy and Independence of the Court*
*For a forefront city".*
**Thirty Seventh Family Law Courtroom**

*[A SEAL WITH THE LEGEND: "UNITED MEXICAN STATES, SUPERIOR COURT OF JUSTICE OF THE FEDERAL DISTRICT. [ILLEGIBLE], APPEARS AS THIS PART OF THE DOCUMENT]*

• Electronic signature SICOR/TSJDF beginning ----- in dates: Thirty Seventh Family Law Courtroom, Case: 2342/2012, Court Clerk A. Court order in dated 8 to '39225/
ID Signer #3271MAS 3109-3557-09002545-101

• Electronic signature SICOR/TSJDF beginning ----- in dates: Thirty Seventh Family Law Courtroom, Court 2342/2012, Court Clerk A. Court order published on 2013 in in:
ID Signer #3276MAS 5590-2857-0900-6146-191

Mexico, Federal District, January nine, two thousand twelve. ———————

Attach official letter number INM/DGCVM/DGAIIM/DIMI/CAN/1365/2012 produced
by the Migratory Information Director of the MIGRATION NATIONAL INSTITUTE of
the MINISTRY OF INTERNAL AFFAIRS, which is hereby ordered to be attached to
these case files for legal purposes, available to the petitioner. - MAKE IT KNOWN. -
So was adjudged and ordered by the Judge, assisted by the Court Clerk, who hereby
certifies. ————————————————————————————

- Electronic signature SICOR/TSJDF – (ALPHANUMERIC STRING)

- Electronic signature SICOR/TSJDF – (ALPHANUMERIC STRING)

(ILLEGIBLE SIGNATURE)

According to law, this Court order was published in Court Bulletin No. *4* that
corresponds to *January 10*, 2013. I hereby certify.

The previous notice of service came into effect on *January 11*, 2013. I
hereby certify.

*Juan Gabriel Castro Bastin, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Court Of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 8, 2014, by resolution 65-370/014, which contains the List of Official Authorized Experts, dated OCTOBER 14, 2014, which contains the list of Official Experts legally authorized to assist Courts of Law under administrative control registered * number 37 (THIRTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators"*

Initials/Signature: _____

I, CARMEN MORALES LEAL, COURT SECRETARY OF THE FORTY

SECOND FAMILY LAW COURTROOM IN MEXICO CITY ----------------

----------------------------------------------------------------------------------

------------------------HEREBY CERTIFY --------------------------------

THAT THESE COPIES ARE TRUE AND EXACT COPIES OF THE

ORIGINAL FILES IN CASE No. 2343/2012, FAMILY CONTROVERSY,

FILED BY PORRETTI NICOLAS MARTÍN ALBERTO Vs. YANIRA IVETTE

BAEZ MINERVINO. SUCH COPIES WERE ISSUED ACCORDING TO

COURT ORDER PRODUCED ON MARCH FIRST, TWO THOUSAND

SEVENTEEN, IN TOME V, DIVORCE PETITION, FILED BY BAEZ

MINERVINO YANIRA IVETTE Vs. PORRETTI NICOLAS MARTÍN

ALBERTO, CASE No. 175/2013. THIS DOCUMENT CONSISTS OF TEN

SHEETS, WITH SIGNATURE, SEAL, AND NUMBER. - SUCH COPIES

WERE PRODUCED IN MEXICO CITY, ON MARCH TEN, TWO

THOUSAND SEVENTEEN. --------------------------------------------------

THE COURT CLERK OF
THE FORTY SECOND FAMILY LAW COURTROOM
IN MEXICO CITY.-

(ILLEGIBLE SIGNATURE)

CARMEN MORALES LEAL.-

Juan Gabriel Castro Badillo, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Court Of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 9, 2015, by resolution 59-37/2015, which contains the List of Official Authorized Experts, dated OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to assist Courts of Law, with administrative control register number 27 (TWENTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators"

Initials / Signature: _____

# END OF TRANSLATION.

Juan Gabriel Carlos Badillo, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Court of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 8, 2015, by resolution 55-37/2015,which contains the List of Official Authorized Experts, dated OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to assist Courts of Law, with administrative control register***, number 27 (TWENTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators"

Initials / Signature:



**TRIBUNAL SUPERIOR DE JUSTICIA DEL DF**

**TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL**
*"Por la Autonomía e Independencia del Poder Judicial*
*para una ciudad de vanguardia"*

**Trigésimo Séptimo de lo Familiar**

- Firma electrónica SICORIUS (DF Indd) - - Instancia: Trigésimo Séptimo de lo Familiar Expediente: 2540/2012 Secretaría: A Documento: acuerdo publicado: 2012-12-06 Fecha/Ver.: JP373

- Firma electrónica SICORIUS (DF Indd) - - Instancia: Trigésimo Séptimo de la Familiar Expediente: 2540/2012 Secretaría: A Documento: acuerdo publicado: 2012-12-06 Fecha/Ver.: JP378A

México, Distrito Federal, a CUATRO DE DICIEMBRE del año dos mil doce.-

- - - Con el escrito de cuenta, anexos y copias simples que se acompaña, fórmese expediente y regístrese su ingreso en el libro de gobierno bajo el número de partida que le corresponda. Visto el contenido y la narrativa de los hechos, con fundamento en el artículo 941 de Código de Procedimientos Civiles, se tiene supliendo la deficiencia de la queja en virtud de encontrarse inmersos derechos de menores y atendiendo al interés superior de las mismas, donde el suscrito tiene obligación de velar por éstos; por lo que se admite a trámite la Controversia del Orden Familiar, bajo los conceptos de **GUARDA Y CUSTODIA, ALIMENTOS**, en consecuencia se tiene por presentado a **MARTIN ALBERTO PORRETTI NICOLAS**, promoviendo por su propio derecho, demandando a **YANIRA IVETTE BAEZ MINERVINO**, reclamando las prestaciones que indica. Con fundamento en lo dispuesto por los artículos **940, 941, 942, 943** y demás relativos del Código de Procedimientos Civiles, se da trámite a la presente demanda en la vía en la que se menciona y con la entrega de las copias simples exhibidas debidamente selladas y cotejadas, mediante **NOTIFICACIÓN PERSONAL** emplácese y córrase traslado a la demandada, para que en el término de **NUEVE DÍAS** produzca su contestación, apercibido que en caso de no hacerlo, se tendrá por contestada la demanda en sentido negativo. Así también requiérasele a la demandada para que acredite con documento fehaciente su legal estancia en el país de conformidad a lo dispuesto por el artículo 68 de la Ley General de Población, apercibiéndola que de no hacerlo así, se estará a las resultas del presente juicio. Se tienen por ofrecidas y admitidas las pruebas de la parte actora a excepción de la marcada con el número XX a cargo de los menores R█████ M███ Y C██████ ██████ B███, por encontrarse con impedimento legal, las dos de apellidos P████████, por encontrarse con impedimento legal, en términos de lo establecido por el artículo 23 y 424 del Código Civil Vigente, sin perjuicio que en caso de estimarlo conveniente se ordenará platica con ésta. En consecuencia, para que tenga verificativo la audiencia de ley se señalan las **DOCE HORAS DEL DIA DOCE DE FEBRERO DEL AÑO DOS MIL TRECE**, para que tenga verificativo la Audiencia de Ley, en el entendido de que el día y hora antes señalados es debido a la excesiva carga de trabajo que existe en este Juzgado, y el número de audiencias programadas en la agenda de esta Secretaría "A", sirviendo de apoyo el siguiente criterio sustentado por la SUPREMA CORTE DE JUSTICIA DE LA NACIÓN, visible en la pagina 519, Quinta Época, Tomo LXVIII, del Semanario Judicial de la Federación que esta juzgadora hace suya, misma que a la letra dice: "AUDIENCIA CONSTITUCIONAL, SEÑALAMIENTO DE" Si bien es cierto que conforme al artículo 147 de la Ley de amparo, debe señalarse en el auto en que se admite la demanda, día y hora para la celebración de la audiencia, a mas tardar dentro del término de treinta días, también lo es que está



**TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL**
*"Por la Autonomía e Independencia del Poder Judicial para una ciudad de vanguardia"*

Trigésimo Séptimo de lo Familiar

disposición legal debe entenderse en términos hábiles, armonizando con las dificultades que en la practica se presente, toda vez que siendo muchos los negocios que se ventilan en los Tribunales Federales, humanamente seria imposible observar la Ley a este respecto, consecuentemente no es ilegal la resolución de un juez de Distrito, que cita para la celebración de la audiencia de una fecha posterior a los treinta días que marca la Ley, si tal señalamiento obedece a las necesidades imperiosas y no a la mala fe o dolo de parte del Juzgador. En atención a la preparación de la prueba Confesional a cargo de la C. YANIRA IVETTE BAEZ MINERVINO, cítese por boletín judicial, para que comparezca de forma personal en la fecha anteriormente señalada y no por apoderado de las posiciones que previamente se califiquen de legales, apercibido que no hacerlo se le tendrá por confesa fictamente, en atento por lo dispuesto por el artículo 948 del Código de Procedimientos Civiles. Respecto a la prueba testimonial, se le previene al ocursante para que haga la reducción de sus testigos en virtud de ofrecer una pluralidad de éstos y relacionarse con todos los hechos, apercibido que en caso de no hacerlo así, se tendrán como tales a los dos primeramente mencionados, con independencia de lo antes referido, quedara a cargo del oferente la presentación de sus testigos el día y hora señalados con anterioridad, apercibiéndolo que de no hacerlo así se declarará desierta dicha probanza en términos del artículo 357 y 498 del ordenamiento en cita. Respecto a la prueba marcada con el número IV, dese vista a la contraria por el termino de TRES DÍAS para que manifieste sobre la pertinencia de la misma y en su caso proponga la ampliación de otros puntos o cuestiones además de los formulados por el oferente de conformidad a lo dispuesto por el artículo 348 del Código Adjetivo. En atención a la medida provisional solicitada marcada con el inciso d) del capítulo respectivo, y con fundamento en el artículo 941 Bis del Código de Procedimiento Civiles se señalan las DIEZ HORAS DEL DIA DOCE DE FEBRERO DEL AÑO DOS MIL TRECE a efecto de resolver la GUARDA Y CUSTODIA PROVISIONAL de las menores R███ M███ Y C███ █ de apellidos P████ B███, por lo que deberán presentarse las partes el día y hora antes señalado en compañia de las menores de referencia, apercibidos que de no hacerlo así se les impondrá una multa por el equivalente a $6,000.00 (SEIS MIL PESOS 00/100 M.N.) en atento por lo dispuesto en el artículo 62 fracción II y 73 fracción I del Código de procedimientos Civiles. Con las demás medidas provisionales solicitadas, dese vista a la parte demandada para que manifieste lo que a su derecho convenga. Tomando en consideración las facultades que en Materia Familiar le confieren al suscrito, así como las menores R███ M███ y C███ ███, ambas de apellidos P████ B███ son de nacionalidad mexicana procreadas por extranjeros y a fin de que no se hagan nugatorias las resoluciones que se dicten en este procedimiento, que es de orden público y por ende no pueda quedar al arbitrio de los particulares, atendiendo a su interés superior de las menores, se ordena librar atento oficio a la SECRETARÍA DE GOBERNACIÓN, ASI COMO A LA DIRECCION GENERAL DE MIGRACION a fin de evitar la salida del país de la C. YANIRA IVETTE BAEZ MINERVINO junto con sus menores hijas R███ M███ y C███ █, ambas de apellidos P████ B███, para que dentro de

Impreso: 5 de diciembre de 2012                    TSJDF/sicor



**TRIBUNAL SUPERIOR DE JUSTICIA**
**DE JUSTICIA**
**DEL DF**

TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL
*"Por la Autonomía e Independencia del Poder Judicial*
*para una ciudad de vanguardia"*

*Trigésimo Séptimo de lo Familiar*

sus atribuciones dé el debido cumplimiento a lo ordenado en este proveído y se instruya a sus oficinas y dependencias sobre el particular, para que impida la salida de las antes citadas por cualquiera de sus fronteras y costas; informando a este Juzgado en un término de DIEZ DIAS HABILES el cumplimiento que haya dado a lo antes ordenado, debiéndose acompañar copia certificada de las actas de nacimiento de las referidas menores. Se previene a la parte demandada para que se abstenga de realizar conductas que tienden a la violencia familiar, tanto a la parte actora como a sus menores hijas, apercibida que en caso de no hacerlo así, se le impondrá una multa por la cantidad de $6,000.00 (SEIS MIL PESOS 00/100 M.N.) por desacato a un mandato judicial de conformidad a lo dispuesto por el artículo 73 del Código de Procedimientos Civiles. Requiérase a YANIRA IVETTE BAEZ MINERVINO que no se ausente del lugar del juicio sin dejar representante legítimo y suficientemente instruido y expensado para responder de las resultas del juicio, de conformidad a lo dispuesto por el artículo 240 del Código de Procedimientos Civiles, asimismo para que exhiba ante este juzgado el acta de matrimonio original con su traducción respectiva. Finalmente respecto al DIVORCIO INCAUSADO que señala se le dejan a salvo sus derechos para que los haga valer ante la autoridad y vía que corresponda en virtud de lo señalado en líneas superiores. Se tiene por señalado domicilio y por autorizados a los profesionistas en términos del artículo 112 cuarto párrafo del Código Procesal de la Materia, con el apercibimiento decretado en dicho numeral y a la persona que indica para los fines señalados, respecto a los valores, ratificado que sea ante la presencia judicial, se acordará lo que en derecho corresponda. Con fundamento en el segundo párrafo del artículo 25 de la Ley de Transparencia y Acceso a la Información Pública del Distrito Federal, se requiere a la ocursante para que de su consentimiento por escrito para publicar sus datos personales. "Se hace del conocimiento de las partes que el Tribunal Superior de Justicia del Distrito Federal, motivado por el interés de las personas que tienen algún litigio cuenten con otra opción para resolver su conflicto, ha implementado- como forma alternativa de solución de controversias- la Mediación, creando al efecto el Centro de Justicia Alternativa del Tribunal Superior de Justicia del Distrito Federal, ubicado en Avenida Niños Héroes, número 133, esquina Doctor Navarro, colonia Doctores y Delegación Cuauhtémoc, D.F., C.P. 06720 con los teléfonos 5207-2584 y 5208-3349, donde se les atenderá en forma gratuita.- Lo anterior, con fundamento en lo dispuesto en los artículos 2, 5, 6 párrafos primero y segundo y 9 fracción VII de la Ley de Justicia Alternativa del Tribunal Superior de Justicia para el Distrito Federal". Servicio de Mediación Familiar 5514-2860 y 5514-5822, mediacion.familiar@tsjdf.gob.mx. Se hace del conocimiento de las partes, que con fundamento en el artículo 28 del Reglamento del Sistema Institucional de Archivos del Tribunal Superior de Justicia y del Consejo de la Judicatura del Distrito Federal, en vigor el día quince de junio del año dos mil diez, que los expedientes que se encuentran activos el Archivo Judicial de este Juzgado, que carezcan de valor histórico, Jurídico y Legal conforme a los criterios establecidos en este reglamento, podrán ser destruidos previa publicación que se lleve a cabo en el Boletín Judicial y Gaceta Oficial del

TRIBUNAL
SUPERIOR
DE **JUSTICIA**
DEL **DF**

TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL
*"Por la Autonomía e Independencia del Poder Judicial
para una ciudad de vanguardia"*

*Trigésimo Séptimo de lo Familiar*

Distrito Federal.- En virtud del volumen de los documentos exhibidos,
guárdense los mismos en el seguro del juzgado.- Se requiere al
promovente para que en lo subsecuente proporcione los datos completos en
el rubro, apercibido que en caso de no hacerlo, se le formaran expedientillos
de conformidad a lo dispuesto por el artículo 270 del Código Adjetivo.-
Notifíquese.- Lo proveyó y firma el C. Juez Trigésimo Séptimo de lo Familiar
Licenciado JOSÉ ANTONIO NAVARRETE HERNÁNDEZ ante la C. Secretaria
de Acuerdos Licenciada EDITH DÍAZ MEZA que autoriza y da fe.- Doy fe.-

En el Boletín Judicial No. _917_, correspondiente al día _5_ de
_DICIEMBRE_ de 2012 se hizo la publicación de Ley.— Conste.
El _6_ de _DICIEMBRE_ del 2012, surtió efectos la notificación
anterior.— Conste.

Impreso 5 de diciembre de 2012          TSJDF/siodr

"Por la tolerancia o independencia del Poder Judicial para asesorarse en asuntos de composición"

SECRETARIA DE GOBERNACION.
P R E S E N T E.

En cumplimiento a lo ordenado en proveído de fecha cuatro de diciembre del año en curso, dictado en el Juicio CONTROVERSIA DEL ORDEN FAMILIAR, GUARDA Y CUSTODIA, ALIMENTOS, promovido por MARTIN ALBERTO PORRETTI NICOLAS en contra de YANIRA IVETTE BAEZ MINERVINO, giro a usted el presente, a fin de que emita una alerta migratoria para que la C. YANIRA IVETTE BAEZ MINERVINO junto con sus menores hijos R█████ M█████ Y C██████ F████ ambas de apellidos P██████ B████ no puedan salir del país sino/es mediante autorización judicial para que dentro de sus atribuciones de el debido cumplimiento a lo antes ordenado y se instruya a sus oficinas y dependencia sobre el particular, para que impida la salida de las antes citadas por cualquiera de sus fronteras y costas informando a este juzgado en un término de diez días hábiles el cumplimiento que haya dado a lo antes ordenado, acompañándose para tal efecto, copia certificada de los atestados de nacimiento de los menores

Reitero a Usted las seguridades de mi atenta y distinguida consideración

A T E N T A M E N T E.
SUFRAGIO EFECTIVO. NO REELECCION
México D. F., a 7 de Diciembre del 2012.
EL C. JUEZ TRIGESIMO SEPTIMO DE LO FAMILIAR
DEL DISTRITO FEDERAL.

MTRO. JOSE ANTONIO NAVARRETE HERNANDEZ.

Juan Gabriel Castro Badillo, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" [Superior Court Of Justice in Mexico City, Mexico], in Ordinary session held on SEPTEMBER 8, 2015, by resolution 55-37/2015, which reaches the List of Official Authorized Experts, dated OCTOBER 14, 2015, which carries the list of Official Experts legally authorized to assist Courts at Law with administrative control registration number 37 [THIRTY SEVEN] from section "Official English - Spanish / Spanish-English Interpreter - Translators".

Initial / Signature: _____

"Por la Americana Independencia del Poder Judicial para una todas y cada [...] respondida"

C. DIRECTOR GENERAL DE MIGRACION.
PRESENTE.

En cumplimiento a lo ordenado en proveído de fecha cuatro de diciembre del año en curso, dictado en el Juicio CONTROVERSIA DEL ORDEN FAMILIAR, GUARDA Y CUSTODIA, ALIMENTOS, promovido por MARTIN ALBERTO PORRETTI NICOLAS en contra de YANIRA IVETTE BAEZ MINERVINO, giro a usted el presente a fin de que emita una alerta migratoria para que la C. YANIRA IVETTE BAEZ MINERVINO junto con sus menores hijas R███ M███ Y C███ ambas de apellidos P███ B███ no puedan salir del país sino es mediante autorización judicial para que dentro de sus atribuciones de el debido cumplimiento a lo antes ordenado, y se instruya a sus oficinas y dependencia sobre el particular para que impida la salida de las antes citadas por cualquiera de sus fronteras y costas informando a este juzgado en un termino de diez dias habiles el cumplimiento que haya dado a lo antes ordenado, acompañandose para tal efecto, copia certificada de los atestados de nacimiento de las menores.

Reitero a Usted las seguridades de mi atenta y distinguido consideracion

A T E N T A M E N T E.
SUFRAGIO EFECTIVO. NO REELECCION
México D. F., a 7 de Diciembre del 2012.
EL C. JUEZ TRIGESIMO SEPTIMO DE LO FAMILIAR
DEL DISTRITO FEDERAL.

MTRO. JOSE ANTONIO NAVARRETE HERNANDEZ

Juan Gabriel Castro Badillo, English-Spanish Interpreter-Translator Expert, authorized by Pleno del Consejo de la Judicatura del Distrito Federal (Superior Court Of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 9, 2015, by resolution 65-37/2015 which contains the List of Official Authorized Expert, dated OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to enroll Charts of Law/with identifiable central registries — number 17 (TWENTY SEVEN) from section "Official English - Spanish/Spanish-English Interpreter-Translators"

Initial/Signature:

TRIBUNAL SUPERIOR

Dic. 11   10:12 AM '40A

UNIDAD DE ASUNTOS JURÍDICOS
DIRECCIÓN GENERAL ADJUNTA
DE LO CONTENCIOSO
EXPEDIENTE 170/12/714
FOLIO 83342
OFICIO No. DGAC/2712/12

00010505

SEGOB

México, D.F., a 10 de diciembre de 2012

LIC. ANTONIO MUSI VEYNA
TITULAR DE LA DIRECCIÓN GENERAL JURÍDICA, DE DERECHOS HUMANOS Y
TRANSPARENCIA DEL INSTITUTO NACIONAL DE MIGRACIÓN
Presente

Hago referencia al oficio número 6535 del 7 de diciembre de 2012, del cual anexo copia fotostática para
mejor referencia, remitido por el Juez Trigésimo Séptimo de lo Familiar del Tribunal Superior de Justicia
del Distrito Federal, en cumplimiento a lo ordenado en proveído de fecha 4 de diciembre del presente
año, dictado en el juicio controversia del orden familiar, guarda y custodia, alimentos número
234/2012, promovido por MARTIN ALBERTO PORRETTI NICOLAS en contra de YANIRA IVETTE
BAEZ MINERVINO, mediante el cual remite copias certificadas de las actas de nacimiento de las
menores ██████ M███████ y C████████ ██, ambas de apellidos P█████ B████ y solicitó a
esta secretaría, en la parte conducente, lo siguiente:

"...solicito a usted al presente, a fin de que emita una alerta migratoria para que la C. YANIRA IVETTE BAEZ MINERVINO
con sus menores hijas R███████ M███████ y C████████ ██, ambas de apellidos P█████ B████, no
puedan salir del país, sí no es mediante autorización judicial, para que dentro de sus atribuciones dé el debido
cumplimiento a lo antes ordenado, y se instruya a sus oficinas y dependencia sobre el particular, para que impida la
salida de las antes citadas por cualquiera de sus fronteras y costas, informando a este juzgado en un término de diez
días hábiles el cumplimiento que haya dado a lo antes ordenado..."

Por lo anterior, con fundamento en el artículo 20, fracción I y último párrafo, y 34, fracciones I y II del
Reglamento Interior de la Secretaría de Gobernación, le remito copias certificadas de las actas de
nacimiento de las menores R███████ M███████ y C████████ ██, ambas de apellidos P█████
B████, a fin de que se sirva girar sus apreciables instrucciones a quien corresponda, para que se dé
cumplimiento al requerimiento judicial contenido en el oficio en comento, con la atenta súplica de que
se remitan a esta dirección general adjunta copias de las constancias que así lo acrediten.

Sin otro particular, le envío un cordial saludo.

ATENTAMENTE
EL DIRECTOR GENERAL ADJUNTO DE LO CONTENCIOSO

SECRETARIA DE GOBERNACIÓN
UNIDAD DE ASUNTOS JURÍDICOS
10 DIC 2012

LIC. JULIO CÉSAR ULISES CHÁVEZ RAMOS

C.c.p.  Lic. David Arellano Cuan, Titular de la Unidad de Asuntos Jurídicos.
Lic. Jonathan González Vargas, Director de Asuntos Jurídicos de la Dirección General Jurídica, de Derechos Humanos y
Transparencia del Instituto Nacional de Migración. Homero No. 1832, Col. Los Morales Polanco, Del. Miguel Hidalgo, C.P.
11510, en esta Ciudad.
José Antonio Navarrete Hernández, Juez Trigésimo Séptimo de lo Familiar del Tribunal Superior de Justicia del
Distrito Federal. "Clementina Gil de Lester", Av. Juárez Núm. 8, piso 12, Colonia Centro, c. p. 06010, Delegación Cuauhtémoc,
México, D. F.

JCUCR/JGDS

Juan Gabriel Castro Escalón, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo
de la Judicatura del Distrito Federal" (Superior Court Of Justice in Mexico City, Mexico), in Ordinary session
held on SEPTEMBER 8, 2015, by resolution 35-37/2015, which contains the List of Official Authorized
Expert-. dated OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to assist
Courts in Law, with arbitrative control registry number 31 (THIRTY SEVEN) from section "Official
English-Spanish/Spanish-English, ish Interpreter-Translators"

Initial/Signature:

TRIBUNAL
SUPERIOR
DE JUSTICIA
DEL DF

**TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL**
*"Por la Autonomía e Independencia del Poder Judicial
para una ciudad de vanguardia"*

*Trigésimo Séptimo de lo Familiar*

México, Distrito Federal a doce de diciembre del año dos mil doce. - - - -
Agréguese a sus autos el oficio de cuenta número 10505, de fecha diez de
diciembre del año en curso, que remite la SECRETARÍA DE GOBERNACIÓN,
el cual se ordena agregar a las presentes actuaciones, para que obre como
corresponda, con conocimiento de la parte interesada y surta sus efectos
legales a que haya lugar.— NOTIFÍQUESE.— Lo proveyó y firma el C. Juez,
ante la C. Secretaria de Acuerdos con quien actúa y da fe. - - - - - - - -

En el Boletín Judicial No. _223_ correspondiente al día _13_ de
_DICIEMBRE_ de 2012 se hizo la publicación de Ley.— Conste.
El _14_ de _DICIEMBRE_ del 2012; surtió efectos la notificación
anterior.— Conste.

Impreso: 12 de diciembre de 2012          TSJDFfisico/          Página 1 de 1

Juan Gabriel Castro Badillo, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Court Of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 8, 1998, by resolution 53-37/2008, which contains the List of Official Authorized Experts; dated OCTOBER 14, 2010, which contains the list of Official Experts legally authorized to assist Courts of law, with administrative control register" number 27 (TWENTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators"

Initials/Signature: _____

169

Dirección General de Control y Verificación
Migratoria

Dirección General Adjunta de
Información e Investigación Migratoria

Dirección de Información Migratoria

OFICIO No. INM/DGCVM/DGAIIM/DIM/ICNAJ/      /2012

**1365**

Asunto: Se responde oficio

México, D. F., a 1° de diciembre de 2012

SECRETARÍA DE GOBERNACIÓN
INSTITUTO NACIONAL DE MIGRACIÓN

Mtro. José Antonio Navarrete Hernández
Juez Trigésimo Séptimo de lo Familiar
en el Distrito Federal
P r e s e n t e

Me refiero a su oficio 6536, expediente 2343/2012, dictado en el juicio CONTROVERSIA DEL
ORDEN FAMILIAR, GUARDA Y CUSTODIA, ALIMENTOS promovido por MARTÍN
ALBERTO PORRETTI NICOLÁS en contra de YANIRA IVETTE BÁEZ MINERVINO,
mediante el cual solicita se emita Alerta Migratoria para que la madre junto con sus menores
███████ ███ y ██████ ██████ ambas de apellido P████ B███ no
puedan salir del país si no es mediante autorización judicial.

Sobre el particular y en atención a su requerimiento, me permito expresar a Usted que se
establecieron en la Lista de Control Migratorio de este Instituto Nacional de Migración, los
registros de control CM/PJ/000,524/2012 y CM/PJ/000,525/2012 a nombre de las citadas
menores.

Así mismo y en relación a YANIRA IVETTE BÁEZ MINERVINO, le informo que para poder
continuar con el procedimiento correspondiente, es necesario remita a la brevedad la fecha de
nacimiento de la citada, toda vez que el sistema que opera la Lista de Control Migratorio de
este Instituto Nacional de Migración, requiere de manera automática nombre completo,
nacionalidad y fecha de nacimiento.

Lo anterior se hace de su conocimiento para todos los efectos legales a que haya lugar, con
fundamento en los artículos 1, 4, 6, 7, 20 fracciones II, III y IX, 48 y 103 de la Ley de
Migración; 55, fracción II, inciso C y 62 fracciones IV, X, XII y XIII del Reglamento Interior de la
Secretaría de Gobernación; 3, fracciones II y VI, 4, fracción III, 5, 13, fracción IV, 14, fracción I,
18, 20, fracción VI y 22, fracciones II, III y IV de la Ley Federal de Transparencia y Acceso a la
Información Pública Gubernamental.

Sin más por el momento, aprovecho la ocasión para enviarle un cordial saludo.

Atentamente

Gerardo Ruiz González
Director de Información Migratoria

Reg. 8648/12 en relación al 8620

DESPACHADO
SEGOB-INM
DGCVM
1 8 DIC 2012

C.c.p. Lic. María de los Ángeles Ocampo Alende, Directora General de Control y Verificación Migratoria. Para descargo del volante 2203757.
C.c.p. Expediente.

RGARGR/SLGO

Juan Gabriel Castro Benítez, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo
de la Judicatura del Distrito Federal" [Superior Court Of Justice of Mexico City, Mexico], in Ordinary session
held on SEPTEMBER 8, 2015, by resolution 55-27/2015, which contains the List of Official Authorized
Experts, dated OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to assist
Courts of Law, with identification control registry number 27 [TWENTY SEVEN] item section "Official
English-Spanish/Spanish-English Interpreter-Translators"

Initials / Signature:

TRIBUNAL
SUPERIOR
DE JUSTICIA
DEL DF

**TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL**
*"Por la Autonomía e Independencia del Poder Judicial*
*para una ciudad de vanguardia"*

*Trigésimo Séptimo de lo Familiar*

México, Distrito Federal, a nueve de enero del año dos mil doce.--------

--Agréguese a sus autos el informe de cuenta
INM/DGCVM/DGAIIM/DIMI/CNA/1365/2012 del DIRECTOR DE
INFORMACION MIGRATORIA, de la SECRETARIA DE GOBERNACIÓN, por
hechas sus manifestaciones el cual se ordena agregar en autos, para que
obren como corresponda y surta sus efectos legales a que haya lugar, dese
vista a la parte interesada para que manifieste lo que a su derecho
corresponda.- Notifíquese.- Lo proveyó y firma el C. Juez Trigésimo Séptimo
de lo familiar. Por ante la C. Secretaria de Acuerdos quien autoriza y da fe.-
DOY FE.---------

En el Boletín Judicial No. 4 correspondiente al día 10 de
Enero de 2008 se hizo la publicación de Ley.-- Conste.--
El 11 de Enero del 2012 surtió efectos la notificación
anterior.-- Conste.

Juan Gabriel Carden Bedillo, English-Spanish Interpreter-Translator Expert, authorized by Pleno del Consejo
de la Judicatura del Distrito Federal (Superior Court Of Justice In Mexico City, Mexico), in Ordinary session
held on SEPTEMBER 8, 2010, by resolution 55-37/2010, which contains the List of Official Authorized
Experts, dated OCTOBER 14, 2011, which contains the list of Official Experts legally authorized to assist
Courts of Law, who administrative control register - number 37 (THIRTY SEVEN) from section "Official
English-Spanish/Spanish-English Interpreter-Translators"

Initials / Signature:

TSJDF/Visor                                          Página 1 de 1

LA CIUDADANA LICENCIADA CARMEN MORALES LEAL SECRETARIA DE ACUERDOS DEL JUZGADO CUADRAGÉSIMO SEGUNDO DE LO FAMILIAR DE LA CIUDAD DE MÉXICO------------------------------------------------------------------------------------

--------------------------------------------CERTIFICA--------------------------------------------

QUE LAS PRESENTES COPIAS FOTOSTÁTICAS CONCUERDAN FIELMENTE CON SU ORIGINALES DE LAS CONSTANCIAS RELATIVAS AL EXPEDIENTE 2343/2012 DEL JUICIO CONTROVERSIA DEL ORDEN FAMILIAR TRAMITADO POR PORRETI NICOLAS MARTIN ALBERTO EN CONTRA DE YANIRA IVETTE BAEZ MINERVINO; LAS CUALES SE EXPIDEN EN CUMPLIMIENTO A LO ORDENADO EN PROVEÍDO DE FECHA PRIMERO DE MARZO DEL AÑODOS MIL DIECISIETE EN EL TOMO V DEL JUICIO DE DIVORCIO TRAMITADO POR BAEZ MINERVINO YANIRA IVETTE EN CONTRA DE PORRETI NICOLAS MARTIN ALBERTO DEL EXPEDIENTE 175/2013.- CONSTANTE EN DIEZ FOJAS ÚTILES DEBIDAMENTE FIRMADAS, RUBRICADAS, FOLIADAS Y SELLADAS.- LAS CUALES SE EXPIDEN EN LA CIUDAD DE MÉXICO, A LOS DIEZ DÍAS DEL MES DE MARZO DEL AÑO DOS MIL DIECISIETE -------------------

LA C. SECRETARIA  DE ACUEDOS DEL JUZGADO CUADRAGÉSIMO SEGUNDO
DE LO FAMILIAR DE LA CIUDAD DE MEXICO.-

LICENCIADA.- CARMEN MORALES LEAL.-

Juan Gabriel Castro Badillo, English-Spanish Interpreter-Translator Expert, authorized by "Pleno del Consejo de la Judicatura del Distrito Federal" (Superior Court of Justice in Mexico City, Mexico), in Ordinary session held on SEPTEMBER 8, 2015, by resolution 65-37/2015 which contains the List of Official Authorized Expert, date of OCTOBER 14, 2015, which contains the list of Official Experts legally authorized to assist Courts of Law with administrative control register, number 27 (TWENTY SEVEN) from section "Official English-Spanish/Spanish-English Interpreter-Translators"

Iniciales / Signature:



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

In re the Application of: Martin Porretti )
)
Martin Porretti )
)
)    Case No._____
Petitioner, )
)
vs. )
)
Yanira Baez )
)
Respondent. )

## **SHOW CAUSE ORDER**

**The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct. 1980, International Child Abduction Remedies Act, 42 U.S.C § 11601 et seq.**

Before the Court is the Petition for Return of Children to Petitioner and Issuance of Show Cause Order. This Order addresses only the Petitioner's request for an Order to Show Cause and makes no determination as to the merits of the Petition for Return of Children to Petitioner. Upon considering the Petition, the Convention and the International Child Abduction Remedies Act ("ICARA"), it is this _____ day of _____, 2019, **ORDERED:**

1. That Respondent Yanira Baez is prohibited from removing the Children R████ M████ P███ B██ and C██████ I███ P██ B██ or causing the children to be removed from the jurisdiction of the Court pending final disposition of the above-captioned Petition.

2. That Respondent Yanira Baez shall appear before this Court on the _____ day of _____, 2019 at _____a.m./p.m. in the Courtroom _____ of the United States District Court of the Eastern District of New York located at 225 Cadman Plaza E, Brooklyn, NY 11201 and shall appear with the children R████ M██ P███ B██ and C██████ I█

P████ B███ and with any and all passports and travel documents for the children and for the Respondent for an initial hearing so that a date  may be set for an expedited hearing on the merits of the Petition for the Return of the Children.  The Respondent may appear with or without counsel.

3. That Respondent shall post a bond of $_____ with the Court, to remain in effect until further Order of the Court.

4. That if the Respondent fails to appear on the _____ day of _____, 2019 at _____ a.m./p.m., or removes the children or causes the children to be removed from the jurisdiction of this Court, the Court shall issue a warrant for the arrest of the Respondent and require that the Respondent appear for a contempt hearing.

5. That a copy of this Order, a copy to the Petition for Return of Children to Petitioner and Issuance of Show Cause Order, together with all attachments, a copy of the Request for Return, and a Notice of Petitioner Under Hague Convention, shall be served forthwith upon the Respondent by the United States Marshal for the Eastern District of New York.


Dated: _____          _____
                                     United States District Judge
                                     United States District Court for the
                                     Eastern District of New York