UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARTIN PORRETTI,

    Petitioner,

 against

YANIRA BAEZ,

    Respondent.

Case No. 19-cv-1955

---

## VERIFIED RESPONSE TO PETITION FOR RETURN OF CHILDREN TO PETITIONER

Respondent, Yanira Baez, through her undersigned attorney, Richard Min, Esq., responds to the petition submitted in this action as follows:

1. Admits that Petitioner brings this action under the auspices of the Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), as set forth in Paragraph 1 of the Petition, except to the extent that the updated proper citation for ICARA is 22 U.S.C. § 9001, *et seq.*[1]

2. Admits the allegations contained in Paragraph 2.

3. Paragraphs 3 and 4 assert legal conclusions to which no response is required.

4. Admits the allegations contained in Paragraph 5 and 6.

5. Admits the allegations contained in Paragraph 6.

6. Denies the allegations set forth in Paragraph 7.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8.

---

[1]  ICARA was previously cited as 42 U.S.C. § 11601, *et seq.*

8. Denies the allegations set forth in Paragraph 9, except admits the allegations regarding the Children's ages.

9. Paragraph 10 asserts legal conclusions to which no response is required.

10. Denies the allegations set forth in Paragraphs 11, 12, and 13.

11. Paragraphs 14, 15, and 16 assert Petitioner's request for Provisional Remedies, which Respondent submits should be denied.

12. Paragraph 17 asserts Petitioner's request for immediate relief, which Respondent submits should be denied.

13. Paragraph 18 asserts legal conclusions to which no response is required.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 19.

15. Paragraphs 20 asserts Petitioner's request for relief, which Respondent submits should be denied.

16. Paragraph 21 asserts legal conclusions to which no response is required.

17. Paragraph 22 asserts Petitioner's request for relief, which Respondent submits should be denied.

## DEFENSES

18. Respondent asserts the following defenses based upon her present knowledge of the circumstances giving rise to the Petition. Respondent reserves the right to supplement her defenses upon completion of discovery or upon learning of any additional facts that are not presently known or reasonably knowable.

### FIRST DEFENSE

35. To the extent that any specific allegation in the Petition is not addressed, that allegations is hereby denied.

### SECOND DEFENSE

36. The Petition fails to state a claim upon which relief can be granted, as Petitioner has no rights of custody as defined by the Hague Convention, articles 3 and 5, and the Children were not wrongfully removed from Mexico nor wrongfully retained in the United States. When the Children left Mexico and arrived in the United States in or around December 2016, Petitioner had no legal custody of the Children and Respondent had sole legal custody pursuant to Mexican court orders. Respondent continues to have sole legal custody according to Mexican law and Mexican court orders.

### THIRD DEFENSE

38. The Petition should be dismissed pursuant to Art. 12 of the Hague Convention, because the Petition was not filed within one year of the alleged wrongful removal and the Children are well settled in the United States. The Children left Mexico and arrived in the United States in or around December 2016, almost two and a half (2.5) years ago. The Children have a full academic and social life in New York. They each have attended the same respective schools since their arrival, speak primarily English, enjoy time with extended family, have many friends, are engaged in extracurricular activities, including summer camp, and have all their medical needs taken care of.

### FOURTH DEFENSE

39. The Petition should be dismissed pursuant to Art. 13(b) of the Hague Convention, because there is a grave risk that the Children will suffer severe emotion, physical, or

psychological harm, or otherwise be placed in an intolerable situation, if returned to Mexico. In or around March 2013, the parties were involved in a serious altercation. Petitioner knocked Respondent to the floor, assaulted her in front of the Children, threw her out of the marital residence, and took illegal custody of the Children. Petitioner kept the Children for approximately 26 days and did not send them to school until the Mexican Federal police entered the premises, pursuant to court order, and seized the Children. Since then, Respondent has had sole custody of the Children by Court order. The Children suffered emotional trauma as a result of Petitioner's actions in or around March 2013 and subsequently.

## FIFTH DEFENSE

40. The Petition should be dismissed pursuant to Art. 13 of the Hague Convention, because the Children object to being returned to Mexico and have attained an age and degree of maturity that makes it appropriate for the Court to take account of the Children's views. The oldest Child is fourteen (14) years old and the youngest Child is nine (9) years old. The Children have expressed a strong desire to remain in New York. One of the reasons Respondent left Mexico in or around December 2016 was because the Children had suffered emotional trauma due to Petitioner's history of abuse and the oldest Child even threatened suicide if she were to be forced to visit Petitioner in an unsupervised setting.

## SIXTH DEFENSE

42. Respondent hereby reserves the right, upon completion of her investigation and discovery, to file additional defenses.

      **WHEREFORE**, Respondent respectfully requests that Petitioner's Petition be denied in its entirety and for other and further relief as is just and proper.

Dated: New York, New York
       May 8, 2019

                                                              Richard Min, Esq.
                                                              Burger Green & Min LLP
                                                              *Attorneys for Respondent*
                                                              420 Lexington Avenue, Suite 2834
                                                              New York, NY 10170
                                                              (212) 257-1944
                                                              rmin@bgmlaw-nyc.com

## VERIFICATION

I, YANIRA BAEZ, being duly sworn, deposes and says that I am the Respondent in the within action, have read the foregoing Verified Response and know the contents thereof; that the same is true to my own knowledge, except as to the matters stated herein to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
YANIRA BAEZ

Sworn to before me
on the 8th day of May 2019

_____
Notary Public

MICHAEL T. BANUCHIS
Notary Public, State of New York
No. 02BA6324736
Qualified in Kings County
Commission Expires May 11, 2019